THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE JACKSON, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.— Appeal by relator from an order of the Supreme Court at a Washington County Special Term dismissing a writ of habeas corpus. In 1939 relator was convicted in New York County of the crime of robbery in the third degree while armed, and sentenced to State's prison for a term of six to twelve years less seventy-three days' jail time. He was placed on parole on December 1, 1943, and on the following November 21, 1944, he was declared delinquent, he having been convicted in New Jersey of a felony, to wit, the crime of robbery. Upon his release following his sentence there he was returned here and duly charged to serve the remainder of his New York sentence as computed from the date of his declared delinquency. Relator questions the constitutionality of section 219 of the Correction Law under which he is being made to serve the remainder of his New York sentence and the regularity of the proceedings which returned him here for that purpose. Order unanimously affirmed. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [See *post*, p. 912.]

■

WILLIAM LOERZEL, Respondent, v. AMERICAN FIDELITY FIRE INSURANCE COMPANY, Appellant.— Appeal from a summary judgment, and the order directing the same, granted against the defendant insurance company at a Special Term of the Supreme Court for Albany County, entered in Ulster County. Plaintiff hertofore recovered a judgment for personal injuries against the Oswego Stevedoring & Trucking Company, Inc., and several other defendants, in an action arising out of a collision between a car in which plaintiff was riding and a truck owned by the trucking company. This judgment was affirmed, on appeal (*Loerzel* v. *Carnright*, 279 App. Div. 825, motion for leave to appeal denied 303 N. Y. 1014). The record in this case clearly reveals that the jury found two trucks of the trucking company were involved in the accident, and both drivers were guilty of negligence in the operation thereof. The present action was brought by plaintiff directly against the defendant insurance company to recover $70,000 of the $75,000 verdict. Fifty thousand dollars of this amount, plus interest and costs, was paid by the defendant but it denies further liability on the ground the policy limit was $50,000 liability for one person in one accident. The policy in question was a fleet policy, and the Special Term held that it was intended to cover each vehicle the same as though a separate policy had been issued therefor. It also held in effect that an ambiguity existed between the clause covering each vehicle and the clause limiting liability, and that such ambiguity should be resolved against the defendant insurance company. Order and judgment unanimously affirmed, with costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.