WILLIAM LOERZEL, Plaintiff, *v.* AMERICAN FIDELITY FIRE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Albany County, December 30, 1952.

*N. Le Van Haver* for plaintiff.

*David Tepp* for defendant.

MacAffer, J.   The plaintiff moves for an order of this court striking out the answer and the affirmative defense of the defendant and for summary judgment for the sum of $20,000 and interest.

The plaintiff heretofore recovered a judgment in the sum of $75,000 plus interest and costs against Ralph Truesdale, Robert W. Truesdale, Oswego Stevedoring and Trucking Co., Inc., Evelyn Carnright and Richard Carnright.  Two trucks owned by the Oswego Stevedoring and Trucking Co., Inc., one in charge of Ralph Truesdale and the other in charge of Robert W. Truesdale, both employees of the said corporation, were standing

on the highway, one immediately to the rear of the other, when an automobile in which the plaintiff was riding as a passenger, operated by Evelyn Carnright and owned by Richard Carnright, collided with the rear truck of the said corporation and the plaintiff received injuries which were the subject of the suit against all of the aforesaid parties. Following the entry of the judgment an appeal was taken to the Appellate Division of this court, which court unanimously affirmed the judgment and thereafter leave to appeal to the Court of Appeals was denied. (*Loerzel* v. *Carnright,* 279 App. Div. 825, motion for leave to appeal denied 303 N. Y. 1014.) The insurance carrier which insured the Carnright car paid to the plaintiff $5,000, thereby reducing the amount due on the judgment to $70,000 plus costs and interest. Thereafter this action was commenced by the plaintiff against the above-named defendant, the insurance company, with which the aforesaid corporation had a policy of liability insurance covering the trucks involved in the accident and covering the employees in charge thereof. Subsequent to the commencement of this action the defendant paid to the plaintiff $55,027.58, which was in payment of costs and interest amounting to $5,027.58 and $50,000 on account of the judgment, which amount the defendant insurance company claims to be the limit which it is obliged to pay under the terms of its policy issued to the aforesaid corporation. There remains, therefore, unpaid on the judgment the sum of $20,000, with interest from the 20th day of October, 1950.

The plaintiff has elected, pursuant to the provisions of subdivision 7 of section 167 of the Insurance Law, to institute this action directly against the insurance carrier insuring the trucking corporation.

The plaintiff in this action seeks to recover on the theory that the defendant is liable for the balance due on the judgment, to wit, the sum of $20,000. The defendant defends on the theory that it has paid the full amount to which it became liable to pay pursuant to the terms of the policy and that therefore it is not liable for any additional amount which may be due on the judgment. The policy of insurance as amended and in effect at the time of the accident provides that the limit of liability of the defendant shall be $50,000 for each person and $200,000 for each accident. The plaintiff in support of his contention refers to the provisions of the policy and particularly to paragraph " IV (c) " under the title " Insuring Agreements " reading as follows: " IV (c) Two or more automobiles. When two

or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile as respects limits of liability " and further, with respect to the coverage of persons legally using the vehicles covered by the policy, refers to paragraph " III " under the title " Insuring Agreements " reading as follows: " III. DEFI-NITION OF INSURED. With respect to the insurance for bodily injury liability and for property damage liability the unqualified word " insured " includes the named insured and *also includes any person while using the automobile* and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

The defendant in opposing this motion relies upon the provisions of the insurance policy and particularly to the provisions thereof entitled: " Conditions ".

" 1. Limits of Liability.

" Coverage A. The limit of bodily injury liability stated in the Declaration as applicable to ' each person ' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of Bodily Injury, sickness or disease, including death, at any time, resulting therefrom, sustained by one person in any one accident; the limit of such liability stated in the Declaration as applicable to ' each accident ' is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of Bodily Injury, sickness or disease, including death at any time resulting therefrom sustained by two or more persons in any one accident. * * * 3. Limits of Liability. The inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

The facts are conceded by the parties and in order to determine the question of law involved it is necessary to construe the provisions of the insurance policy. This policy of insurance is known and commonly referred to as a fleet policy. The purpose of the fleet policy is to cover several vehicles and to provide for such coverage in one policy rather than to require the issuance of a separate policy for each vehicle. The policy involved here covered approximately twenty automobiles owned by the trucking corporation. The court has noted above the provisions of the policy that when two or more automobiles are

covered by the policy the terms of the policy shall apply separately to each vehicle. From that provision it is apparent that this policy applied to each of the two vehicles involved in this collision. It therefore would indicate the purpose of the policy was to insure each vehicle owned by the trucking corporation for the full amount of the limits of the policy. This policy also provides that the insured includes any person using an automobile covered by the policy for whose use the trucking corporation is legally responsible. A reasonable construction of that provision impels the determination that the policy comprehended the coverage of each employee in charge of a vehicle to the full extent of the coverage of the policy.

The defendant urges that regardless of the other provisions of the policy that the liability of the defendant is limited to $50,000 for one person and one accident and contends that the plaintiff was involved in only one accident regardless of how many vehicles, each in charge of employees of the trucking corporation, participated in that accident. In support of that contention the defendant cites the provision of the policy heretofore quoted and entitled " Limits of Liability ".

In view of the other provisions of the policy, to which reference has heretofore been made, to adopt the contention of the defendant would result only in the conclusion that the terms of the policy are ambiguous. It is a basic rule in the construction of policies of insurance that the policy having been written and prepared by the insurance company must be strictly construed against the insurer. (*Imperial Shale Brick Co.* v. *Jewett,* 169 N. Y. 143, 148; *Tonkin* v. *California Ins. Co.,* 294 N. Y. 326, 328–329.)

The court therefore reaches the conclusion that pursuant to the provisions of the policy involved here, each vehicle was insured for the policy limit and the owner entitled to protection to the same extent as though each vehicle were covered by a separate policy. Accordingly the plaintiff is entitled to recover from the defendant the balance due on the judgment, the sum of $20,000, with interest.

The court determines to grant the motion of the plaintiff striking out the defendant's answer and the affirmative defense of the defendant and directs that the plaintiff shall have judgment against the defendant for the sum of $20,000, with interest from the 20th day of October, 1950, together with costs.

Submit order.