DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
CURL

AUTOMOBILES—INSURANCE—UNINSURED MOTORIST COVERAGE—STACK-
ING—PARENT AND CHILD—RELATIVES.

Uninsured motorist provisions in two automobile insurance poli-
cies owned by a decedent's parents may be stacked where the
decedent was living with his parents and covered by their
policies at the time he was killed when the motorcycle on
which he was riding was struck by an automobile driven by an
uninsured motorist; however, a policy issued by the same
insurer, with the same uninsured motorist provision, owned by
a relative of the decedent who was living with the decedent and
the decedent's parents at the time decedent was killed, may not
be stacked with the other policies.

Appeal from Wayne, James Montante, J. Sub-
mitted October 11, 1977, at Detroit. (Docket No.
77-578.) Decided March 21, 1978.

Complaint by the Detroit Automobile Inter-In-
surance Exchange against Brenton Curl, adminis-
trator *de bonis non* of the estate of Russell Curl,
deceased, for a declaratory judgment that the
uninsured motorist provisions in three automobile
insurance policies cannot be stacked. Summary
judgment for plaintiff. Defendant appeals. Af-
firmed in part, reversed in part, and remanded.

*Selby, Dickinson, Pike, Mourad & Brandt* (by
*Mark E. Morley),* for plaintiff.

*Hurwitz & Karp,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 135.

Before: D. E. HOLBROOK, P. J., and N. J. KAUF-
MAN and J. E. McDONALD,* JJ.

PER CURIAM. On March 22, 1975, Russell Curl
was a passenger on a motorcycle owned and oper-
ated by Ronald Priebe, Jr. Priebe's motorcycle was
struck from the rear by an automobile owned and
operated by Glyndon McDaniel, an uninsured mo-
torist. As a result of the accident, Russell Curl was
killed.

On the date of the collision, Curl resided with
his parents who were insured by the plaintiff
under two separate policies of automobile insur-
ance, both of which provided uninsured motorist
coverage. Additionally, the plaintiff issued a policy
of insurance providing uninsured motorist cover-
age to Craig Cummins, a relative of Curl residing
in the home of Curl and his parents. All three
policies of insurance were identical and each pro-
vided $20,000/$40,000 uninsured motorist cover-
age.

On August 17, 1976, plaintiff filed a suit seeking
declaratory relief on the question of whether the
uninsured motorist coverage of the three policies
of insurance could be stacked so as to allow $60,-
000/$120,000 uninsured motorist coverage. Plain-
tiff argued in the negative. In response to this suit,
defendant moved for summary judgment claiming
that as a matter of law stacking of uninsured
motorist benefits is proper. On January 25, 1977,
the circuit court denied defendant's motion and
ruled that stacking could not be allowed. Defend-
ant appeals.

We first concern ourselves with the question of
whether the Cummins' policy could be stacked,
were we to allow stacking, as a general rule. We

---

* Circuit judge, sitting on the Court of Appeals by assignment.

hold it can not. Defendant makes no argument which convinces us that it is somehow "proper as a matter of law" to subject plaintiff-insurer to potentially unlimited liability as to Cummins' policy under these circumstances. Furthermore, the rationale supporting the disposition of the other policies is inapposite to Cummins.

On the other hand, the policies owned by decedent's parents may be stacked for the reasons stated in the dissenting opinion in *Kozak v Detroit Automobile Inter-Insurance Exchange,* 79 Mich App 777; 262 NW2d 904 (1977). Therefore, we reverse the circuit court's determination as to those two policies and remand for proceedings consistent with this opinion.

Affirmed in part; reversed in part. No costs, neither side having prevailed in full.