CITIZENS INSURANCE COMPANY OF AMERICA v TUNNEY

Docket No. 78-1524. Submitted January 3, 1979, at Grand Rapids.—
Decided July 10, 1979.

Raymond and Lillian Tunney owned two automobiles that were
insured by plaintiff Citizens Insurance Company of America
under a single policy. The policy provided uninsured motorist
coverage in the amount of $20,000 per person and a maximum
of $40,000 per accident. Separate premiums of $.75 were
charged for this coverage for each of the automobiles. The
Tunneys were involved in a head-on collision with an unin-
sured motorist, while driving one of the insured automobiles.
As a result of that collision, Lillian Tunney died and Raymond
Tunney and daughter, Patrice Tunney, were seriously injured.
Plaintiff insurance company brought an action for a declara-
tory judgment to determine the limits of liability under the
uninsured motorist coverage of the insurance policy. Plaintiff
insurance company argued that liability should be limited to
the stated policy limits of $20,000/$40,000, while defendant
Raymond Tunney, both individually and as administrator of
the estate of Lillian Tunney, and defendant Patrice Tunney
argued that the separate coverage of the two automobiles
should be "stacked" to provide a liability limit of double the
stated policy limits, or $40,000/$80,000. The policy in question
provided that when there were two or more automobiles in-
sured under the policy "the terms of this policy shall apply
separately to each"; however, the policy further provided that

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobile Insurance §§ 135-138, 189, 194.
New Topic Service, No-Fault Insurance § 21.
What constitutes "each," "a single," "one," "any one," "any," or
"an accident or occurrence within liability policy limiting insur-
er's liability to specified amount. 55 ALR2d 1300.
Validity and construction of "other insurance" provisions. 28
ALR3d 551. Automobile liability policy: choice of law as to
validity of "other insurance" clause of uninsured motorist cover-
age. 83 ALR3d 321.
[2, 3] Limitation of amount of coverage under automobile liability
policy as affected by fact that policy covers more than one
vehicle. 37 ALR3d 1263.

"neither the inclusion of more than one Assured nor the application of the policy to more than one automobile shall operate to increase the limit of liability stated in the policy".

The Wexford Circuit Court, Walter F. Ransom, J., held that the liability limit of defendant insurance company was that stated in the policy, or $20,000 per person and $40,000 maximum per accident. Defendants appeal. *Held:*

1. The public policy of the State of Michigan is no longer served by invariably allowing "stacking" of uninsured motorist coverage. In the absence of ambiguities, an insured party's recovery under the uninsured motorist coverage of an insurance policy which covers two automobiles and contains an "other insurance" clause can be limited to the maximum amount permitted by the "other insurance" clause.

2. No ambiguity as to whether there can be "stacking" of uninsured motorist coverage is created by an insurance policy covering two automobiles, where the policy provides that the terms of the policy shall apply separately to each of the automobiles, but that the inclusion of coverage of more than one automobile in the policy shall not operate to increase the stated policy limits of liability. The language that the terms of the policy shall apply separately to each insured automobile simply makes the policy applicable to whichever automobile is involved in an accident.

3. The payment of two separate premiums of equal amounts for uninsured motorist coverage on two different automobiles covered by a single insurance policy is not persuasive of an expectation of stacking the limits of liability, in the absence of proofs of double payment which would warrant double recovery.

Affirmed.

1. Insurance — Automobiles — Uninsured Motorist Coverage — Other Insurance Clause — Stacking — Public Policy.

The public policy of the State of Michigan is no longer served by invariably allowing "stacking" of uninsured motorist coverage; therefore, in the absence of ambiguities, an insured party's recovery under the uninsured motorist coverage of an insurance policy or policies which contain an "other insurance" clause limiting the maximum liability can be limited to the maximum amount permitted by the "other insurance" clause.

2. Insurance — Automobiles — Uninsured Motorist Coverage — Stacking — Ambiguities.

No ambiguity as to whether there can be stacking of uninsured

motorist coverage is created by an insurance policy covering two automobiles, where the policy provides that the terms of the policy shall apply separately to each of the automobiles but that the inclusion of more than one automobile on the policy shall not operate to increase the stated policy limits of liability.

3. INSURANCE — AUTOMOBILES — UNINSURED MOTORIST COVERAGE — STACKING — PREMIUMS.

The payment of two separate premiums of equal amounts for uninsured motorist coverage on two different automobiles covered by a single insurance policy is not persuasive of an expectation of stacking the limits of liability in the absence of proof of double payment which would warrant double recovery.

*Menmuir, Zimmerman, Rollert & Kuhn,* for plaintiff.

*Robb, Dettmer & Phillips, P.C.,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and M. J. KELLY, JJ.

M. J. KELLY, J. Defendants appeal from an April 6, 1978, declaratory judgment for plaintiff-insurer holding the limits of liability under the uninsured motorist provisions of the policy between the parties to be $20,000 for one person and $40,000 for two or more persons in any one accident, as stated on the face of the policy.

On July 27, 1975, defendants were hit head-on by a negligent uninsured motorist. Lillian Tunney was fatally injured, Raymond Tunney sustained severe personal injuries, and his daughter, Patrice Tunney, was also seriously injured.

At the time of the collision, Raymond and Lillian Tunney owned two automobiles, both insured by plaintiff under one policy that named Raymond and Lillian Tunney as the insureds. They were driving one of these automobiles at the time of the accident. The Tunneys paid separate premiums of

$.75 for uninsured motorist coverage of $20,000 per person, $40,000 maximum per accident for each automobile. Defendants contend that, as the policy covers two automobiles for which separate uninsured motorist coverage premiums were paid, they are entitled to double the limits of the policy and should recover $40,000 per person, to a maximum of $80,000 per accident.

The introductory language found on page 1, and preceding all other sections of the policy states:

"CITIZENS MUTUAL INSURANCE COMPANY of Howell, Michigan (Herein called the Company)

"In consideration of the payment of the premium, in reliance upon the statements in the Declarations made a part hereof, and subject to the limits of liability, the exclusions, the conditions and other terms of this policy, does hereby agree with the named Assured:"

Page 12, paragraph 7, of the policy contains the following language:

"7. Insurance on Two or More Automobiles.

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and an attached trailer shall be deemed to be one automobile as respects the limits of liability under Section Two and separate automobiles under Section One, including any deductible provisions applicable thereto.

"Neither the inclusion herein of more than one Assured nor the application of the policy to more than one automobile shall operate to increase the limit of liability stated in the policy (or in the Declarations) for any coverage."

Before the enactment of the Michigan no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* and the repeal of the uninsured motorist statute,

formerly MCL 500.3010; MSA 24.13010, Michigan law allowed "stacking" of uninsured motorist coverage provided by separate policies despite language in the policies limiting recovery in cases where "other insurance" was available. *Blakeslee v Farm Bureau Mutual Ins Co,* 388 Mich 464; 201 NW2d 786 (1972), *Rowland v Detroit Automobile Inter-Insurance Exchange,* 388 Mich 476; 201 NW2d 792 (1972), *Boettner v State Farm Mutual Ins Co,* 388 Mich 482; 201 NW2d 795· (1972). The rationale underlying these holdings was that, since the uninsured motorist statute required insurance companies to offer their customers uninsured motorist coverage, it was against the public policy of the state to allow an "other insurance" clause to defeat "stacked" recovery. These requirements, however, no longer exist; accordingly, the public policy of the state is no longer served by invariably allowing a stacked recovery. Insurance contracts are, therefore, to be interpreted according to well-known rules of construction.

This Court held in *Kozak v Detroit Automobile Inter-Insurance Exchange,* 79 Mich App 777; 262 NW2d 904 (1977), that an insurer's liability under a policy containing an "other insurance" clause is limited to the amount stated on the face of the policy. When an insurer issues multiple insurance policies, each providing uninsured motorist coverage and containing an "other insurance" clause, the insured party can recover only the maximum amount that he is limited to by the "other insurance" clause. In the absence of ambiguities, the rights of the parties rest on the insurance contract as written.

Defendants contend that the above quoted language from page 12, paragraph 7, of the policy creates an ambiguity in that it first states that the

terms of the policy shall apply separately to each automobile insured under the policy, arguably setting up a stacking situation, and then adds that the inclusion of more than one automobile in the policy shall not operate to increase the stated limits of liability. If an ambiguity does exist, the policy must be liberally construed in favor of the insured and against the insurer who drafted the policy. *Dittus v Geyman,* 68 Mich App 433; 242 NW2d 800 (1976), *Weaver v Michigan Mutual Liability Co,* 32 Mich App 605; 189 NW2d 116 (1971).

We do not find that the cited language creates an ambiguity. It has often been noted in cases from other jurisdictions that language stating that the terms of a policy shall apply separately to each insured vehicle simply makes the policy applicable to whichever automobile is involved in an accident. *Allstate Ins Co v Mole,* 414 F2d 204 (CA 5, 1969), *Yates v Interinsurance Exchange of Automobile Club of Southern California,* 275 Cal App 2d 301; 79 Cal Rptr 604 (1969), *Otto v Allstate Ins Co,* 2 Ill App 3d 58; 275 NE2d 766 (1971), *Pacific Indemnity Co v Thompson,* 56 Wash 2d 715; 355 P2d 12 (1960). See also 37 ALR3d 1263. When the stated limits of liability are exact and when the policy clearly indicates that the inclusion of more than one automobile does not affect those limits, the language does not appear to us to create an ambiguity.[1]

Finally, defendant (at oral argument) averred that, because two separate premiums for unin-

---

[1] Some cases have held that similar language does create an ambiguity. See, *e.g., Government Employees Ins Co v Sweet,* 186 So 2d 95 (Fla App, 1966). These cases usually involve special forms of insurance, such as medical payment insurance, and they are distinguishable on this ground. See *Allstate Ins Co v Mole, supra, Otto v Allstate Ins Co, supra.*

sured motorist coverage were paid, a situation was created where he expected to receive double recovery. This argument proceeds on the premise that, if the premium for uninsured motorist coverage on the second car is less than that for the first, it represents consideration only for the insurer's increased risk of exposure, and, as such, there has been no double payment warranting double recovery.[2] From this premise, it follows that, if the premium for the second car is equal to that of the first, as in the instant case, the insured has paid twice for uninsured motorist coverage, and a double recovery is justified.

Although this type of argument has proven persuasive in other jurisdictions, *Sturdy v Allied Mutual Ins Co,* 203 Kan 783; 457 P2d 34 (1969), *Rosson v Allied Mutual Ins Co,* 203 Kan 795; 457 P2d 42 (1969), we do not find the fact that defendants' separate premiums are stated in equal amounts to be determinative. Neither are we prepared to decide the question solely on defendant's claimed expectation. Here, the lower court decided this issue on the language of the contract. There have been no proofs offering or establishing the underwriting predicate for the second premium. In the absence of proof of double payment warranting double recovery, we will not override the unambiguous contract language limiting the insurer's liability and permit "stacking".

Our decision to affirm the trial court, however, should not be construed as a complete bar to the stacking of insurance coverage. We hold only that, in the absence of proof of double payment warranting double coverage, we will not ignore the clear impact of this insurance contract "separabil-

---

[2] See, *Ringenberger v General Accident Fire & Life Assurance Co,* 214 So 2d 376 (Fla App, 1968), *Otto v Allstate Ins Co, supra.*

ity" clause, and leave to future cases, with adequate records, the question of double recovery under the no-fault act.

The trial court was correct in holding the limits of liability to be the amounts stated in the policy.

Affirmed.