TRIMBLE v SAFECO INSURANCE COMPANY OF AMERICA

Docket No. 45002. Submitted December 11, 1979, at Lansing.—Decided March 18, 1980. Leave to appeal applied for.

Plaintiffs, Arthur and Donna Trimble, were the owners of two automobiles covered by no-fault insurance under a policy of insurance issued by defendant, Safeco Insurance Company of America, for which it charged and collected separate premiums on each car. Plaintiffs' daughter was struck and injured by a hit-and-run driver. Compensation for the accident was provided for by the uninsured motorist section of the policy. Uninsured motorist coverage on each vehicle was $20,000 per person and $40,000 per accident. Plaintiffs brought suit in the Washtenaw Circuit Court for a declaration that the uninsured motorist coverages could be stacked. The insurance policy contained a provision which applied to all coverage in the policy except the uninsured motorist coverage. It stated: "When two or more automobiles are insured hereunder, the terms of the policy shall apply separately to each." The uninsured motorist provisions contained the following language: "Regardless of the number of automobiles to which this policy applies the limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of [the insurer's] liability." The trial court, Ross W. Campbell, J., concluded that the policy did not unambiguously prohibit stacking and that, therefore, the plaintiffs were entitled to stack the uninsured motorist coverage for each automobile. Defendant appeals. *Held:*

The two provisions, when read together, do not create an ambiguity and clearly prohibit stacking of the uninsured motorist coverage. And, since there is no evidence in the record regarding the underwriting predicate upon which the two premiums were based, the Court of Appeals would not abrogate the unambiguous contract language.

Reversed.

T. M. BURNS, P.J., dissented. He would hold that an ambigu-

REFERENCES FOR POINTS IN HEADNOTES

[1,2] 7 Am Jur 2d (Rev), Automobile Insurance § 368.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

ity does exist and that the trial court was not clearly wrong in its holding. He would also hold that, since defendant has received twice as much in uninsured motorist protection premiums as it would be entitled to under its own interpretation of the contract, it should be required by simple justice to pay twice as much in benefits. He would affirm.

OPINION OF THE COURT

1. INSURANCE — AUTOMOBILES — UNINSURED MOTORIST PROTECTION — STACKING.

A policy of no-fault insurance which contains a provision applicable to all coverage which states that "[w]hen two or more automobiles are insured hereunder, the terms of the policy shall apply separately to each," and a provision pertaining specifically to uninsured motorist protection to the effect that "[r]egardless of the number of automobiles to which this policy applies the limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of [the insurer's] liability", is not ambiguous and prohibits the stacking of uninsured motorist protection in policies covering more than one vehicle.

DISSENT BY T. M. BURNS, P.J.

2. INSURANCE — AUTOMOBILES — UNINSURED MOTORIST PROTECTION — STACKING.

*A policy of no-fault insurance which contains a provision applicable to all coverage which states that "[w]hen two or more automobiles are insured hereunder, the terms of the policy shall apply separately to each", and a provision pertaining specifically to uninsured motorist protection to the effect that "[r]egardless of the number of automobiles to which this policy applies the limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of [the insurer's] liability", is ambiguous and does not specifically prohibit the stacking of uninsured motorist protection in policies covering more than one vehicle.*

*McLain & Winters,* for plaintiffs.

*Seavitt, Westcott, Miller, Stowe & Magnuson* (by *Gene M. Currier),* for defendant.

Before: T. M. BURNS, P.J., and J. H. GILLIS and BASHARA, JJ.

BASHARA, J. On April 27, 1978, plaintiffs' daughter was struck and injured by the driver of a hit-and-run automobile. Insurance coverage for the accident was provided by the plaintiffs' no-fault automobile policy issued by defendant, Safeco Insurance Company of America. The policy covered two vehicles owned by plaintiffs for which separate premiums were charged and collected by defendant.

Compensation for hit-and-run accidents was provided by the uninsured motorist section of the policy. The amount of uninsured motorist coverage for each vehicle was $20,000 per person and $40,000 per accident.

Plaintiffs, Arthur and Donna Trimble, as next friend of their minor daughter, Tonna Trimble, instituted this suit for a declaratory judgment in the circuit court to stack the uninsured motorist coverage of each vehicle. The court rendered a judgment allowing stacking. The trial judge found that the policy was ambiguous because it contained provisions both suggesting and limiting stacking. The ambiguity was construed in favor of the insured. From this judgment, defendant appeals.

The standard for interpreting an insurance contract has been stated many times by this Court, most recently in *Citizens Ins Co of America v Tunney,* 91 Mich App 223; 283 NW2d 700 (1979). *Tunney* requires that a court first examine the policy to determine if an ambiguity exists:

"If an ambiguity does exist, the policy must be liberally construed in favor of the insured and against the insurer who drafted the policy." *Id.,* 228.

The provisions of the policy which the trial judge found ambiguous pertain to uninsured mo-

torist coverage and "Condition 4" which applies to all provisions of the policy except uninsured motorists:

The uninsured motorist section provides in part:

"Limits of Liability
"(a) Regardless of the number of automobiles to which this policy applies the limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of SAFECO's liability."

whereas "Condition 4" states:

"When two or more automobiles are insured hereunder, the terms of the policy shall apply separately to each."

The trial judge interpreted the provisions as follows:

"[T]he insurance policy * * * states that the terms shall apply separately to each vehicle in all respects, *except* for * * * Uninsured Motorist Coverage, thus implying, if not mandating that the Uninsured Motorist Coverage on each of the two vehicles, not being applied 'separately' to each vehicle, are to be applied non-separately, i.e. together, or stacked." (Emphasis in original.)

The court concluded that because the policy did not unambiguously prohibit stacking, the insured was entitled to stack the coverage for each automobile. We disagree.

Condition 4 of the policy does not apply to the uninsured motorist section because the uninsured motorist provision was specific on the same subject so as to limit stacking.

We also consider it anomalous to give credibility to the language which makes Condition 4 inappli-

cable to the uninsured motorist provision and yet hold that the negative pregnant of Condition 4 is applicable to uninsured motorist coverage.

We conclude that the above provisions, when read together, do not create an ambiguity. Moreover, we find that the policy clearly prohibits stacking.

Plaintiffs next urge us to consider Judge KAUFMAN's dissent in *Kozak v Detroit Automobile Inter-Ins Exchange,* 79 Mich App 777; 262 NW2d 904 (1977), as to stacking limitations. The reasoning of that dissent, which looks to the reasonable expectations of the insured rather than the contract language, was adopted in *Detroit Automobile Inter-Ins Exchange v Curl,* 82 Mich App 140; 266 NW2d 479 (1978).

In *Kozak, supra,* 785, Judge KAUFMAN argued that the result would be unconscionable where the insured, expecting to stack coverage, was paying additional premiums without an actual increase in the dollar amount of coverage.

This argument fails to consider the fact that additional premiums may be justified by the cost of insuring a second automobile. We prefer to follow the rationale of *Tunney, supra,* which holds that without evidence on the underwriting predicate of an insurance policy, a court lacks adequate information to make a determination of unconscionability.

The record reveals no evidence regarding the underwriting predicate on which the dual premium was based. We conclude that "[i]n the absence of proof of double payment warranting double recovery, we will not abrogate the unambiguous contract language limiting the insurer's liability and permit 'stacking' ". *Tunney, supra,* 229.

Reversed. Costs to appellant.

J. H. GILLIS, J., concurred.

T. M. BURNS, P.J. *(dissenting)*. Condition 4 of the insurance policy unambiguously provides that with respect to all benefit provisions of the policy, except those pertaining to uninsured motor vehicles, the terms of the policy shall apply separately to each of two or more automobiles that may be insured thereunder. The majority finds it "anomalous" to say, on one hand, that Condition 4 is not applicable to the uninsured motorist provision of the policy and, on the other hand, to say that all provisions of the policy apply separately to each automobile that may be insured thereunder except the uninsured motorist provision. Quite the opposite of being "anomalous", this is exactly what Condition 4 states.

If, under the terms of Condition 4, all provisions of the policy are to be applied separately, *i.e.,* not stacked, except those pertaining to uninsured motorist benefits, what is the meaning of the language used in the limits of liability clause in the uninsured motorist section of the policy that provides:

"Regardless of the number of automobiles to which this policy applies the limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of SAFECO's liability."

The obvious intent of this clause was to prevent stacking of uninsured motorist benefits. As is clear, it is in conflict with the provisions of Condition 4; the insurance contract cannot both prohibit and authorize the stacking of uninsured motorist benefits. Inasmuch as I cannot say that the lower court's interpretation of these provisions of the policy was unreasonable or its holding that they

created an ambiguity in the policy clearly erroneous, I believe that the lower court must be affirmed. Any doubt as to the meaning of a provision in an insurance policy must be resolved against the insurer. *Zurich Ins Co v Rombough*, 384 Mich 228; 180 NW2d 775 (1970), *Weaver v Michigan Mutual Liability Co*, 32 Mich App 605; 189 NW2d 116 (1971).

I also take issue with the majority's holding that there is no evidence in the record to support plaintiffs' contention that they twice paid premiums for the same uninsured motorist coverage. Despite the finding of the lower court that insurance policy contracts "similar to those of the instant case" enable "the insurer to charge two premiums for the Uninsured Motorist Coverage but to limit its liability to indemnify its insured to that corresponding to but a single premium", a finding that defendant does not contest in this appeal and one that the majority does not criticize as being clearly erroneous, the majority holds that it "lacks adequate information to make a determination of unconscionability".

In *Detroit Automobile Inter-Ins Exchange v Curl*, 82 Mich App 140; 266 NW2d 479 (1978), a panel of this Court held that the reasonable expectations of an insured were of primary consideration when interpreting contract language. I agree with Judge KAUFMAN in his dissent in *Kozak v Detroit Automobile Inter-Ins Exchange*, 79 Mich App 777, 783; 262 NW2d 904 (1977), and would hold that it is unreasonable to limit plaintiffs' recovery to the policy limits on only one of their automobiles where their injuries have far exceeded those policy limits and where plaintiffs have twice purchased uninsured motorist protection under an ambiguous insurance policy written by defendant.

Defendant has received twice as much in unin-
sured motorist protection premiums as it would be
entitled to under its own interpretation of the
contract; simple justice requires that it pay twice
as much in benefits.

I would affirm.