INMAN v THE HARTFORD INSURANCE GROUP

Docket No. 69322. Submitted December 6, 1983, at Lansing.—Decided February 7, 1984. Leave to appeal applied for.

Plaintiff, David Inman, was a passenger in an automobile involved in an illegal race when he was thrown from the vehicle, suffering serious permanent injury. Both vehicles involved in the race were covered under a fleet insurance policy issued by defendant, The Hartford Insurance Group. As initially issued the policy included a schedule of covered vehicles with a specific premium listed for each covered vehicle. The two vehicles involved in the accident were added by endorsements which also added specific language:

"The insurance afforded for the added automobile is only with respect to such and so many of the following coverages, each as defined in the policy, as are indicated by an additional or return premium or the words 'no charge' in the Premiums column. The limit of the company's liability against each such coverage shall be stated herein, subject to all the terms of the policy having reference thereto."

The endorsements had a "per person" limit of $100,000. The policy contained the following language:

"Limits of Liability"

"Regardless of the number of (1) insured under this policy, (2) persons or organizations who sustain bodily injury or property damage, (3) claims made or suits brought on account of bodily injury or property damages of (4) automobiles to which this policy applies, the company's liability is limited as follows:

"Coverage C—The limit of bodily injury liability stated in the schedule as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, because of bodily injury sustained

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 292, 368.

Combining or "stacking" of "no-fault" or personal injury protection (PIP) coverages in automobile liability policy or policies. 29 ALR4th 12.

[2] 7 Am Jur 2d, Automobile Insurance §§ 225, 235.

by one person as the result of any one occurrence; but subject to the above provisions respecting 'each person', the total liability of the company for all damages, including damages for care and loss of services, because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the schedule as applicable to 'each occurrence'."

Defendant paid plaintiff $100,000 (the "per person" limit) and plaintiff brought an action in the Jackson Circuit Court for a declaratory judgment that the coverage for each vehicle should be stacked. The court, Russell E. Noble, J., dismissed plaintiff's complaint. Plaintiff appealed. *Held:*

The policy language creates no ambiguity. The payment of two separate premiums of equal amounts for coverage on two different automobiles covered by a single insurance policy is not persuasive of an expectation of stacking the limits of liability in the absence of proof of double payment which would warrant double recovery. The court correctly determined that the limits of liability clause limited defendant's liability to $100,000.

Affirmed.

1. INSURANCE — AUTOMOBILES — STACKING — PREMIUMS.

The payment of two separate premiums of equal amount for coverage on two different automobiles covered by a single insurance policy is not persuasive of an expectation of stacking the limits of liability in the absence of proof of double payment which would warrant double recovery.

2. INSURANCE — AUTOMOBILES — FLEET INSURANCE — LIMITS OF LIABILITY.

A per person limits of liability clause in an automobile fleet insurance policy enforceable regardless of the number of covered vehicles involved in a single accident does not violate the statutory requirement of insurance (MCL 500.3101; MSA 24.13101[1]).

*Rappleye, Wilkins & Arcaro* (by *Riccardo D. Arcaro),* for plaintiff.

*Early, Starbuck & Lennon* (by *Thomas P. Standal),* for defendant.

Before: M. J. KELLY, P.J., and CYNAR and J. C. KINGSLEY,* JJ.

M. J. KELLY, P.J. This is a declaratory judgment action seeking a determination of the policy limits of an automobile fleet insurance policy which covered two automobiles illegally involved in a race. Plaintiff was a passenger who was thrown from one vehicle, suffering serious permanent injuries. Liability of the owners and drivers is conceded. Plaintiff appeals as of right from the circuit court's order dismissing plaintiff's action. We affirm.

The policy in question was an automobile fleet policy issued by defendant covering a number of vehicles owned and operated by the Rinehold family. As initially issued the policy included a schedule of covered vehicles with a specific premium listed for each covered vehicle. The two vehicles involved in the accident were added by endorsements which also added specific premiums for the vehicles and contained the following language:

"The insurance afforded for the added automobile is only with respect to such and so many of the following coverages, each as defined in the policy, as are indicated by an additional or return premium or the words 'no charge' in the Premiums column. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of the policy having reference thereto."

The endorsements had a "per person" limit of $100,000. The policy contained the following language:

"Limits of Liability
"Regardless of the number of (1) insured under this

* Circuit judge, sitting on the Court of Appeals by assignment.

policy, (2) persons or organizations who sustain bodily injury or property damage, (3) claims made or suits brought on account of bodily injury or property damages of (4) automobiles to which this policy applies, the company's liability is limited as follows:

"Coverage C—The limit of bodily injury liability stated in the schedule as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provisions respecting 'each person', the total liability of the company for all damages, including damages for care and loss of services, because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the schedule as applicable to 'each occurrence'."

The contest below was whether the trial court erred in limiting the coverage available to plaintiff to the per person limit of $100,000, it being plaintiff's position that the policy covered two vehicles, assessed two premiums, and therefore should have stacked the $100,000 policy limit for each vehicle for a total of $200,000.

The facts are not in dispute. Defendant has paid $100,000, its "per person limit", in a previous lawsuit which expressly reserved the issue of whether a second $100,000 could be added or stacked in this context. Liability is not at issue. The two separate vehicles were driven by brothers who were each guilty of negligence, if not wilful and wanton misconduct, which was a proximate cause of plaintiff's injuries. Defendant insurance company concedes that, if the single limit coverage can be pooled or stacked or added or doubled, it will pay the entire second $100,000 to plaintiff for a total of $200,000.

The issue of double recovery or stacking has been addressed by this Court in many contexts, however, no Michigan case has been brought to our attention which involved a single policy covering more than one vehicle where more than one of the covered vehicles were involved in a single accident or occurrence.

Plaintiff urges this Court to apply the reasoning of *Loerzel v American Fidelity Fire Ins Co,* 204 Misc 115; 120 NYS2d 159 (1952), *aff'd* 281 App Div 735; 118 NYS2d 180 (1952). In *Loerzel* two trucks insured under a fleet policy were standing on the highway when an automobile in which the plaintiff was a passenger collided with one of the trucks. The plaintiff sought judgment against the insured owner, which was clearly predicated on the negligence of each of the operators of the two trucks. Plaintiff obtained a $70,000 judgment against the trucking company. The policy provided limits of $50,000 for each person and $200,000 for each accident. The defendant insurance company paid the plaintiff $50,000 and plaintiff instituted an action for the remaining $20,000. The insurance policy contained both a separability clause and a limits of liability clause as follows:

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile as respects limits of liability.

&ast; &ast; &ast;

"Limits of Liability * * * The limit of bodily injury liability stated in the Declaration as applicable to 'each person' is the limit of the company's liability for all damages".

The New York Court held that an ambiguity was

created because the *separability clause* could be construed to clone the policy, making two policies of insurance with the liability limits applying separately and independently to each truck. On the other hand, the *limits of liability clause* established the upper limits to the insurance company's liability, regardless of the number of vehicles involved in the occurrence which were insured by the policy. Construing the ambiguity against the insurance company the court held that each vehicle was insured for the policy limit as if each vehicle were covered by a separate policy.

Plaintiff contends that the reasoning of *Loerzel* should be applied to this case because of the factual similarity. However, the insurance contract in *Loerzel* is not the same as the insurance contract in the present case. In the instant case, there is no separability clause. There is no ambiguity. When the policy clearly indicates that the inclusion of more than one vehicle does not affect the limits of liability, the language does not create an ambiguity. *Citizens Ins Co of America v Tunney,* 91 Mich App 223, 228; 283 NW2d 700 (1979).

Plaintiff next argues that an ambiguity is created by the endorsements which add the two vehicles involved in the accident. We find no ambiguity created by the endorsements. The endorsements do nothing more than add an Oldsmobile and a Ford to the fleet automobile insurance policy and in doing so specifically incorporate the limits of liability provision contained in the body of the policy.

Plaintiff next argues that because a separate premium was charged for the addition of the two vehicles the insurance coverage for these vehicles is separate from the remainder of the fleet coverage. This takes plaintiff and defendant into an analysis of the underwriting predicate for the

added premiums. There were no proofs establishing the underwriting predicate for the premiums. This Court has rejected this type of argument in a similar context. In *Citizens Ins Co of America v Tunney, supra,* we held that the payment of two separate premiums of equal amounts for uninsured motorist coverage on two different automobiles covered by a single insurance policy is not persuasive of an expectation of stacking the limits of that policy in the absence of proof of double payment warranting double coverage. There is a like hiatus here. The proofs do not support the argument.

Plaintiff next argues that this case should be treated differently from the normal "stacking" case because both vehicles were physically involved in the accident. In *Greer v Associated Indemnity Corp,* 371 F2d 29, 34 (CA 5, 1967), the Fifth Circuit Court of Appeals, applying Florida law, held that the insurer, which had issued an automobile liability policy insuring two vehicles, was not liable for an amount exceeding the stated limit of liability per automobile, where only one of the automobiles was involved in the accident giving rise to the claim. In reaching its decision, the Court distinguished *Loerzel:*

> "As far as we are concerned, no help comes from *Loerzel* * * *. In an unrevealing opinion there is some indication that both trucks were physically involved in the accident and, in any event, apparently both trucks were present at the scene of the accident. If both were causally involved from an operational standpoint, coverage existed for both. If not, the decision is, in our judgment, unsound and for Florida, we decline to follow it." 371 F2d 33 (citation and footnote omitted).

However, in both *Greer* and *Loerzel,* the insurance

policies contained a separability clause. This is the source of the ambiguity. The policy in the instant case does not contain a separability clause or any similar language. Rather, it states that "[r]egardless of the number of * * * automobiles to which [the] policy applies, * * * [the] limit of bodily injury liability stated in the schedule as applicable to 'each person' is the limit of the company's liability for all damages * * * because of bodily injuries sustained by one person as the result of any one occurrence". The limit of bodily injury liability stated in the schedule as applicable to "each person" is $100,000. The event which resulted in injuries to the plaintiff was one occurrence. The plaintiff is one person. The fact that two automobiles were involved in the accident does not conjure up a separability clause. The stated limit of liability is exact and the policy clearly declares that the inclusion of more than one automobile does not affect that limit. Therefore, the policy limit of $100,000 must be enforced. *Tunney, supra,* p 229.

Plaintiff's final contention is that, if the limits of liability clause is interpreted as only providing coverage up to the per person limit, the language is not enforceable in Michigan because the policy was issued under the statutory requirement of MCL 500.3101(1); MSA 24.13101(1). Plaintiff argues that, by limiting the liability to the per person limit of $100,000, the insurer failed to provide the full measure of insurance coverage required by MCL 500.3101(1); MSA 24.13101(1). This is clearly not tenable. The insurer does not claim that only one vehicle or one driver was covered by the policy. Rather, the insurer claims that both vehicles were covered by one policy which limits the liability to $100,000 for any one occurrence. There-

fore, the policy does not fail to meet the statutory requirement. The lower court correctly determined that the limits of liability clause limiting the defendant's liability to $100,000 applies.

Affirmed.