STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
TIEDMAN

Docket No. 107944. Submitted June 7, 1989, at Grand Rapids. Decided
August 2, 1989.

Julie Tiedman died as a result of injuries incurred when the
vehicle which she was driving collided with a Ford Bronco II
driven by Daniel J. McNerney. The Bronco II was owned by
Daniel's wife, Terry L. McNerney, and was insured under a no-
fault insurance policy issued by State Farm Mutual Automobile
Insurance Company which named both of the McNerneys as
named insureds. State Farm also had issued a no-fault policy
on a GMC pickup which was owned by Mr. McNerney ·and
which named him as the sole named insured. David B. Tied-
man, individually and as representative of the estate of Julie
Tiedman, and Judith Tiedman brought a negligence action
against the McNerneys for damages arising out of the death of
Julie Tiedman. That action was settled for $50,000, the policy
limit on the Bronco II, subject to any right the Tiedmans might
have under the policy issued on the GMC pickup truck. State
Farm brought a declaratory judgment action in Clare Circuit
Court, naming the Tiedmans and the McNerneys as defendants.
State Farm moved for summary disposition on the bases that
each policy contained a provision which limited recovery to the
higher of the two coverages where two or more policies had
been issued to the named insured or insureds and the GMC
policy had a provision which precluded coverage on a spouse's
vehicle. The McNerneys argued that the antistacking provision
was ambiguous under these circumstances where there was not
unity of the named insureds under the two policies and, in any
event, the antistacking provision was contrary to public policy.
The trial court, Kurt N. Hanson, J., granted the motion,
holding that the antistacking provision was not ambiguous, was
applicable under these circumstances and was not contrary to

REFERENCES

Am Jur 2d, Automobile Insurance § 368.
Combining or "stacking" of "no fault" or personal injury protection
(PIP) coverages in automobile liability policy or policies. 29
ALR4th 12.

public policy. The Tiedmans appealed. State Farm cross appealed.

The Court of Appeals *held:*

1. The language of the antistacking provision unambiguously provided that, where two or more policies were issued to the insured by the insurer and applied to the same accident, coverage would be limited to that of the policy with the highest limit of liability.

2. The fact that one policy named both husband and wife as named insureds and the other policy named only the husband as the named insured does not preclude operation of the antistacking provision.

3. Antistacking provisions are not contrary to public policy.

Affirmed.

INSURANCE — AUTOMOBILES — ANTISTACKING PROVISIONS — NAMED INSUREDS.

A provision in an automobile no-fault insurance policy which provides that where two or more vehicle liability policies are issued to the named insured or insureds and are applicable to the same accident the insurer's liability will be limited to the coverage afforded by the policy with the highest limit of liability is applicable even where the named insureds on the two policies are not identical.

*Read & Griffin* (by *John W. Sharp*), for plaintiff.

*Gorte & Lynett* (by *C. Michael Gorte*), for defendants.

Before: CYNAR, P.J., and CAVANAGH and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendants appeal as of right from the opinion and judgment of the Clare Circuit Court which granted summary disposition to plaintiff in its declaratory judgment action. MCR 2.116(C)(10). The court ruled that an antistacking provision in a policy of no-fault automobile insurance issued by plaintiff was valid and, thus, defen-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

dants were precluded from receiving no-fault damages under a second insurance policy issued by plaintiff. Plaintiff cross-appeals from that same opinion and judgment, raising a claim that was asserted below but not fully decided by the court. We affirm.

This lawsuit arises out of the December 15, 1988, automobile accident between Daniel J. McNerney and Julie M. Tiedman which resulted in the death of Ms. Tiedman. At the time, Mr. McNerney was driving a 1985 Ford Bronco II owned by his wife, Terry L. McNerney. The Bronco II was insured under a policy of no-fault automobile insurance issued by plaintiff that listed both Mr. and Mrs. McNerney as the named insureds. Mr. McNerney also owned a 1977 GMC pickup truck that was separately insured under a policy issued by plaintiff. Under that policy, he was listed as the sole named insured.

An action was thereafter filed against the McNerneys (Mr. McNerney for his alleged active negligence in causing the accident, Mrs. McNerney for her vicarious liability as owner of the Bronco II) by Ms. Tiedman's family. A settlement agreement was eventually reached whereby the Tiedmans received the full insurance limits of the policy covering the Bronco II (i.e., $50,000) in exchange for releasing the McNerneys from all personal liability. Further, according to the settlement, the Tiedmans reserved any rights they might have to insurance benefits under the policy insuring the GMC pickup truck.

On April 27, 1987, plaintiff instituted this action for declaratory judgment against the Tiedmans and the McNerneys[1] to obtain a judicial determination of its rights and responsibilities under the

[1] The McNerneys did not answer plaintiff's complaint so defaults were consequently entered against them. They are not parties to this

insurance policies. Plaintiff later filed a motion for summary disposition, claiming that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. MCR 2.116(C)(10). As the bases for the motion, plaintiff asserted that (1) the insurance policies contained antistacking provisions which limited recovery under two applicable policies to the one with the highest limit and (2) the GMC truck policy included a clause which excluded coverage for automobiles owned by one's spouse.

Defendants claimed that the stacking of insurance policies is allowed under Michigan no-fault laws, that the antistacking provisions and the spouse-owned vehicle clause were invalid, and that the exclusions were highly technical, hopelessly confusing, ambiguous, and contrary to public policy.

On March 16, 1988, the Clare Circuit Court issued a written opinion granting plaintiff's motion. The court held that the antistacking provisions were clear and unambiguous. Pursuant to those provisions, since Mr. McNerney was a named insured on both the Bronco II policy and the GMC truck policy, defendants were entitled to benefits only from the policy with the highest limit, not from both policies. Because of that ruling, the court found it unnecessary to determine the validity of the spouse-owned vehicle clause (although it implied that the clause was less clear than the antistacking provisions). On March 21, 1988, a judgment was entered incorporating the findings and conclusions of the trial court's written opinion.

Defendants appeal as of right from the trial

appeal. Any reference in this opinion to "defendants" is to the Tiedmans only, in their collective representative and individual capacities only.

court's finding that the antistacking provisions were valid. Plaintiff cross-appeals from the court's failure to fully decide the validity of the spouse-owned vehicle exclusion.

The antistacking provisions at issue appear in both the Bronco II policy and the GMC truck policy, and provide as follows:

> If There Is Other Liability Coverage
> 1. Policies Issued by Us to You.
> If two or more vehicle liability policies issued by us to you apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.

As defined by the policies, the term "you" means "the named insured or named insureds shown on the declarations page." We agree with the trial court's conclusion that the above policy language is clear and unambiguous.

Defendants do not deny that Mr. McNerney is a named insured on both insurance policies. However, they argue that the antistacking provisions apply only if the named insureds on the two policies are identical. Because Mr. McNerney is the sole named insured on the GMC truck policy while he and Mrs. McNerney are named coinsureds on the Bronco II policy, defendants urge this Court to hold that the antistacking provisions are inapplicable since the named insureds are not identical. We decline to read the policy language in such an artificial manner.

The fact that Mr. McNerney is named as the sole insured on one policy and a coinsured on another policy does not make the antistacking provisions inapplicable. The exclusionary language is clear and unambiguous, and its effect is indis-

putable: if two insurance policies list the same insured and that person is involved in a traffic accident, coverage is available only under the policy with the highest limit, regardless of whether the policies are issued to separate vehicles and whether other persons are also listed as named insureds.

We also agree with the trial court's conclusion that, on the authority of *Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986), *DeMaria v Auto Club Ins Ass'n (On Remand),* 165 Mich App 251; 418 NW2d 398 (1987), and *Citizen's Ins Co v Tunney,* 91 Mich App 223; 283 NW2d 700 (1979), the antistacking provisions are valid and not in contravention of public policy since they are clear and unambiguous. See also *Auto Club Ins Ass'n v Lanyon,* 142 Mich App 108; 369 NW2d 269 (1985); *Inman v The Hartford Ins Group,* 132 Mich App 29; 346 NW2d 885 (1984), lv den 419 Mich 937 (1984). Cf. *Yahr v Garcia,* 177 Mich App 705; 442 NW2d 749 (1989) (stacking allowed because the antistacking provision was deceptive and ambiguous). Other states are in accord. See *Wilson v Cotton States Mutual Ins Co,* 183 Ga App 353; 358 SE2d 874 (1987); *Thompson v Continental Ins Cos,* 291 SC 47; 351 SE2d 904 (1986). Cf. *Goodman v Allstate Ins Co,* 137 Misc 2d 963; 523 NYS2d 391 (1987) (court stated that stacking would not have been allowed had the policies contained antistacking provisions).

In light of our disposition of the above issue, we need not address plaintiff's issue on cross appeal. See *Metropolitan Life Ins Co v Goolsby,* 165 Mich App 126, 129; 418 NW2d 700 (1987).

Affirmed.