DeMARIA v AUTO CLUB INSURANCE ASSOCIATION (ON
REMAND)

Docket No. 99820. Submitted April 10, 1987, at Lansing. Decided
October 15, 1987.

Gerard and Bernice Ouellette owned three cars which were
insured by Auto Club Insurance Association. While driving one
of the cars, Gerard Ouellette struck and killed Mary T. DeMa-
ria. Guiseppe DeMaria, administrator of the estate of Mary T.
DeMaria, deceased, filed suit against the Ouellettes in Macomb
Circuit Court. That action resulted in a conditional consent
judgment being entered in favor of plaintiff. Plaintiff then filed
suit against Auto Club Insurance Association in Macomb Cir-
cuit Court seeking a declaratory judgment regarding the liabil-
ity of Auto Club on the insurance policies issued by it to the
Ouellettes. The car Gerard Ouellette was driving when he
struck Mary DeMaria was insured under one policy having a
$20,000 limit for bodily injury for each person under the
residual liability clause. The Ouellettes' other two cars were
insured under another policy containing the same liability
limits. Separate premiums were paid for each vehicle. The
court, George R. Deneweth, J., ruled that there were three
separate policies in all and granted plaintiff summary judg-
ment on the ground that defendant was liable to plaintiff on
the three policies for coverage totalling $60,000. The Court of
Appeals affirmed. 151 Mich App 252 (1986). Defendant sought
leave to appeal to the Supreme Court, which, in lieu of grant-
ing leave, vacated the judgment of the Court of Appeals and
remanded the case to the Court of Appeals for further consider-
ation in light of *Powers v DAIIE,* 427 Mich 602 (1986). The
Court of Appeals was also instructed to reconsider defendant's
argument concerning double stacking of coverage. The Court

REFERENCES

Am Jur 2d, Automobile Insurance §§ 85, 183-187, 190, 418, 425.

When is automobile furnished or available for regular use within
"drive other car" coverage of automobile liability policy. 8
ALR4th 387.

Limitation of amount of coverage under automobile liability policy
as affected by fact that policy covers more than one vehicle. 37
ALR3d 1263.

also held that the Court of Appeals erred in holding that the death indemnity exclusion of the antipyramid endorsement applied in this case. Death indemnity coverage is not involved in this case. 428 Mich 878 (1987).

On remand, the Court of Appeals *held:*

1. The insurance for the two uninvolved vehicles applies to the accident in this case.

2. The insurance policy clearly states that if the insurance applies in a situation where the insured cars were not involved, the insurance from only one vehicle will be applicable, regardless of the number of vehicles insured. The coverage under the contract for the uninvolved automobiles applies, but the coverage is limited to $20,000 per person, the limit for either of the two uninvolved autos.

Affirmed in part and reversed in part.

1. APPEAL — COURTS — PRECEDENT.

A majority of the Supreme Court must agree on a ground for decision in order to make that binding precedent for future cases; if there is merely a majority for a particular result, then the parties to the case are bound by the judgment but the case is not authority beyond the immediate parties.

2. INSURANCE — AUTOMOBILES — LIMITATION OF LIABILITY.

An automobile insurance policy covering two cars which clearly stated that if the insurance applied in a situation where the insured cars were not involved the insurance from only one vehicle would be applicable, regardless of the number of vehicles insured, effectively limited the insurer's liability to the liability limits applicable to either one, but not both, of the insured vehicles where neither of the insured vehicles were involved in the accident at issue.

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Bruce L. Jerris*), for plaintiff.

*Glime, Daoust, Wilds, Rusing & Widlak* (by *George S. Cabot* and *Herbert J. Rusing*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), of Counsel, for defendant.

ON REMAND

Before: CYNAR, P.J., and D. F. WALSH and D. E. HOLBROOK, JR., JJ.

Per Curiam. This case is before us on remand from the Supreme Court for further consideration in light of *Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986). Also on remand, this Court is requested to further consider defendant's argument concerning double stacking.

We first note that the decision in *Powers* was not a majority decision. The lead opinion was written by then Chief Justice Williams, with Justice Archer concurring. Chief Justice Williams held that, although an "owned-vehicle" exclusion does not violate the no-fault act, the method of exclusion which defines terms with technical definitions that are at variance with commonly understood meanings of those terms renders the exclusion invalid. Justices Brickley and Cavanagh concurred in the result only, with Justice Levin concurring in part and dissenting in part in a separate opinion. Justices Riley and Boyle also concurred in part and dissented in part in a decision by Justice Riley. Justice Riley would hold the exclusion enforceable. Thus, a majority of the justices in *Powers* agreed on the result, and the exclusion was therefore held invalid as applied in those cases. However, no single rationale for the decision commanded a majority. The decision in *Powers* is, therefore, not binding precedent for other cases.

> The clear rule in Michigan is that a majority of the Court must agree on a ground for decision in order to make that binding precedent for future cases. If there is merely a majority for a particular result, then the parties to the case are bound by the judgment but the case is not authority beyond the immediate parties. [*People v Anderson,* 389 Mich 155, 170; 205 NW2d 461 (1973).]

Even though *Powers* is not binding on us, we find the reasoning in Chief Justice WILLIAMS' opinion persuasive and we rely on that opinion to support the result that the insurance for the uninvolved vehicles applies to the accident in the instant case.

Having found coverage to be available from the policies on the two vehicles not involved in the accident, we next consider the extent of that coverage.

The "coverage applicability endorsement" found in the amendments and endorsements to the insurance contract states in part:

> Regardless of the number of automobiles insured under this policy, or the types, amounts, or limits of any coverage purchased in connection with any such automobile identified on the Declaration Certificate by a specific Vehicle Reference Number:
>
> \* \* \*
>
> In the event a loss occurs to which this policy applies that does not involve an automobile identified on the Declaration Certificate by a specific Vehicle Reference Number or a temporary substitute therefor, the Company will only make payment for such loss in accordance with and subject to those coverages purchased in connection with any one automobile insured hereunder, the insured having the right to select the automobile whose coverages will be applied to the loss from any automobile insured hereunder with reference to which he would otherwise be entitled to coverage for such loss.
>
> Under no circumstances will the Company be required to pyramid or duplicate any types, amounts, or limits of coverages purchased in connection with any automobile insured hereunder by virtue of the fact that more than one automobile is insured under this policy. However, this condition does not apply to Death Indemnity Coverage.

The language is not ambiguous. This section clearly states that if this insurance applies in a situation where neither the Corvette nor the Swinger was involved, the insurance from only one vehicle will be applicable, regardless of the number of vehicles insured. See *Inman v Hartford Ins Corp*, 132 Mich App 29; 346 NW2d 885 (1984), lv den 419 Mich 937 (1984). In the case before us, the contract said that if the policy applied to a loss that did not involve the vehicles named in the policy, then the coverage for only one car was applicable, regardless of the number of cars insured under the policy. The coverage under the contract for the uninvolved automobiles applies, however, the coverage is limited to $20,000 per person, the limit for either the Corvette or the Swinger.

Affirmed in part and reversed in part, in accordance with this opinion.