TRANSAMERICA INSURANCE CORPORATION OF AMERICA v
BUCKLEY

Docket No. 96199. Submitted December 3, 1987, at Grand Rapids.
Decided February 25, 1988.

Craig M. Buckley was killed when his vehicle was struck by a
trailer which separated from a dump truck driven by Frank
Rusche during the course of his employment. The dump truck
and trailer were owned by Myles Rusche, Frank Rusche's
father, and were insured by Frankenmuth Mutual Insurance
Company. At the time of the accident, Myles Rusche and his
wife, Helen Rusche, maintained no-fault insurance coverage on
their two automobiles with Transamerica Insurance Corpora-
tion of America and Frank Rusche and his wife, Cheryl Rusche,
maintained their own no-fault insurance coverage on their two
automobiles with Westfield Insurance Company. Transamerica
brought an action in the Kent Circuit Court against Linda
Buckley, as the personal representative of the estate of her
deceased husband, Craig M. Buckley, Frankenmuth Mutual
Insurance Company, and Frank, Cheryl, Myles and Helen
Rusche seeking a declaration that there existed no insurance
coverage under its policy with Myles and Helen Rusche for loss
resulting from the accident in which Craig Buckley was killed.
Frank, Myles and Helen Rusche filed a third-party action
against Westfield, seeking a declaration that coverage for loss
resulting from the accident was provided under the no-fault
policy between Westfield and Frank and Cheryl Rusche. A
consent judgment was entered in which it was stated that the
Transamerica policy did not provide coverage for the accident
and Transamerica was not obligated to pay any judgment
entered in a wrongful death action commenced by Linda Buck-
ley. Thereafter, the Kent County Road Commission, the de-
ceased's employer, which had paid workers' compensation bene-
fits to the survivors of the deceased, entered the litigation as an
intervening silent-party plaintiff in order to protect its right to

REFERENCES

Am Jur 2d, Insurance §§ 269 et seq.
See the Index to Annotations under Automobile Insurance; Insur-
ance.

reimbursement of the workers' compensation benefits paid. The trial court, George R. Cook, J., thereafter entered an order granting summary disposition to Frank Rusche, the Kent County Road Commission and Linda Buckley and denying summary disposition in favor of Westfield. Westfield appealed from that order.

The Court of Appeals *held:*

1. The insurance policy issued by Westfield to Frank and Cheryl Rusche does not contain any ambiguity regarding liability for injuries and damages resulting from the use of a nonowned, nonpassenger automobile in the course of the business or occupation of the insureds. The policy grants coverage for injury and damage arising out of the use of a nonowned automobile but denies coverage if the nonowned automobile is used in the course of employment.

2. The insureds under the Westfield policy could not have reasonably expected coverage for liability resulting from the accident in this case. No circumstances exist in this case under which the general rule, that an insured has an obligation to read the policy and to air discrepancies in coverage within a reasonable time, might properly be avoided.

Reversed and remanded.

1. INSURANCE — CONTRACTS — JUDICIAL CONSTRUCTION — EXCLUSIONS.

An insurance policy must be read as a whole in determining whether an ambiguity exists in a particular clause in an insurance policy; an insurer that intends to exclude coverage under certain circumstances should clearly state those circumstances in the section of its policy entitled "exclusions."

2. INSURANCE — CONTRACTS — COVERAGE — PRESUMPTIONS.

An insured generally is obligated to read his insurance policy and to raise questions concerning coverage within a reasonable time after issuance of the policy; a court, under the rule of "reasonable expectation," which requires a court to ascertain and enforce the meaning of an insurance policy provision as reasonably expected by the insured, must presume that the insured actually read the insurance contract at issue in the action where no circumstances exist under which the general rule might properly be avoided.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), and *Buchanan & Bos* (by *M. J. Stephen Fox*), for Kent County Road Commission.

*Buchanan & Bos* (by *M. J. Stephen Fox*), for Linda Buckley, and Frank, Myles and Helen Rusche.

*Rhoades, McKee & Boer* (by *Michael T. Small*), for Westfield Insurance Company.

Before: WEAVER, P.J., and WAHLS and M. J. SHAMO,* JJ.

PER CURIAM. Third-party defendant, Westfield Insurance Company, appeals as of right from an order of the Kent Circuit Court entered on January 21, 1987, granting motions for summary disposition, pursuant to MCR 2.116(C)(9), filed by appellees Linda Buckley, personal representative for the estate of Craig M. Buckley, Frank Rusche, and the Kent County Road Commission, while denying a similar motion filed, pursuant to MCR 2.116(C)(10), by Westfield. We reverse the trial court's grant of summary disposition in favor of appellees and remand the case for further proceedings.

The record reveals that on September 7, 1983, Craig Buckley, Linda Buckley's husband, was killed when his vehicle was struck by a large commercial trailer on Alpine Street in Grand Rapids. The trailer was being hauled by a dump truck, which was driven by Frank Rusche during the course of his employment, when it separated from the dump truck, crossed the center line on Alpine Street and collided with Craig M. Buckley's vehicle. The dump truck and trailer were owned by Myles Rusche, who is Frank Rusche's father, and were insured by defendant Frankenmuth Mutual Insurance Company. Moreover, at the time of the accident, Myles Rusche and his wife, Helen

_____
* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Rusche, maintained no-fault insurance coverage on their 1976 Pontiac and 1980 Datsun automobiles with Transamerica Insurance Corporation of America. Finally, Frank Rusche and his wife, Cheryl Rusche, maintained their own no-fault insurance coverage on their 1977 Chrysler and 1980 Volkswagen automobiles with Westfield.

The present litigation was commenced by Transamerica Insurance Corporation of America against Linda Buckley, as the personal representative of the estate of her deceased husband, Craig M. Buckley, Frankenmuth Mutual Insurance Company, Frank Rusche, Cheryl Rusche, Myles Rusche and Helen Rusche, seeking a judicial declaration that, among other things, there existed no insurance coverage under its policy with Myles Rusche and Helen Rusche for loss resulting from the September 7, 1983, accident. Thereafter, Frank Rusche, Myles Rusche and Helen Rusche filed a third-party action against Westfield, seeking a declaration that coverage for loss resulting from the accident was provided under the no-fault policy between Westfield and Frank and Cheryl Rusche. In a consent judgment entered on November 22, 1985, it was stated that the Transamerica policy did not provide coverage for the accident and that, therefore, Transamerica Insurance Corporation of America would not be obligated to pay any judgment entered in a wrongful death action commenced by Linda Buckley. After this consent judgment was entered, the Kent County Road Commission, the deceased's employer, which had paid workers' compensation benefits to the survivors of Craig Buckley, entered the litigation as an intervening silent-party plaintiff in order to protect its right to reimbursement of benefits it had paid to the decedent's survivors under the Workers' Disability Compensation Act, MCL 418.101 *et seq.*;

MSA 17.237 (101) *et seq.* Ultimately, Frank Rusche, Linda Buckley and the Kent County Road Commission filed motions for summary disposition against Westfield, pursuant to MCR 2.116(C)(9), failure to state a valid defense, asserting that Westfield's liability was established under the terms of its policy with Frank and Cheryl Rusche. Westfield also filed its own motion for summary disposition pursuant to MCR 2.116(C)(10), no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, asserting that the terms of its policy specifically excluded its liability. On September 26, 1986, a hearing on the summary disposition motions was conducted in the Kent Circuit Court. On January 21, 1987, the court entered an order granting summary disposition in favor of Frank Rusche and others and denying summary disposition in favor of Westfield. It is from this order which Westfield now appeals.

The insurance policy between Westfield and Frank and Cheryl Rusche, in pertinent part, provides:

> Westfield Insurance Company . . . Agrees with the insured . . . in consideration of the payment of the premium . . . and subject to all of the terms of this policy . . . . To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
>
> A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by any person;
>
> B. injury to or destruction of property, including loss of use thereof, hereinafter called "property damage";
>
> arising out of the ownership, maintenance or use of the owned automobile *or any non-owned automobile,* and the company shall defend any suit alleging such bodily injury or property damage

and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient. [Emphasis added.]

In the section of the policy regarding exclusions from coverage, it is further provided in subparagraph h that the policy does not apply

to a *non-owned automobile* while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, (2) any other business or occupation of the insured, but this exclusion (h)(2) does not apply to a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant or a trailer used therewith or with an owned automobile. [Emphasis added.]

The issue on appeal concerns whether Frank Rusche—who was driving the dump truck which was owned by Myles Rusche and from which the trailer that killed Craig M. Buckley separated—is covered by the policy with Westfield, which, in one section, provides for coverage for injury and property damage arising out of the use of a nonowned automobile, and in another section excludes from coverage injury and property damage arising out of the use of a nonowned automobile by an insured during the insured's employment. Westfield maintains that the exclusion is unambiguous and applicable in this case, whereas appellees assert that the exclusionary language, when read in light of the section broadly providing coverage for damages arising out of the use of a nonowned automobile, is ambiguous and must, therefore, be inter-

preted against Westfield, which drafted the policy. Moreover, appellees argue that the policy holder had a reasonable expectation that he would be covered in a circumstance such as that involving the death of Craig M. Buckley based on certain representations made by an insurance agent.

We find without merit appellees' contention that the policy language is ambiguous because one clause grants coverage for injury and damage arising out of the use of a nonowned automobile and another clause denies such coverage if the nonowned automobile is used in the course of employment. In determining whether an ambiguity exists in a particular clause in an insurance policy, the document must be read as a whole. *Boyd v General Motors Acceptance Corp,* 162 Mich App 446, 452; 413 NW2d 683 (1987). Moreover, if an insurer intends to exclude coverage under certain circumstances, it should clearly state those circumstances in the section of its policy entitled "Exclusions." *Powers v DAIIE,* 427 Mich 602, 632-633; 398 NW2d 411 (1986). Finally, an insured is obligated to read his or her insurance policy and to raise questions concerning coverage within a reasonable time after issuance of the policy. *Parmet Homes, Inc v Republic Ins Co,* 111 Mich App 140, 145; 314 NW2d 453 (1981), lv den 415 Mich 851 (1982).

In this case, the possibility of coverage for injuries and damages resulting from the use of a nonowned, nonpassenger automobile in the course of the business or occupation of the insured arises only if the clause in the policy excluding such coverage is wholly ignored. That clause is listed in the section of the policy prominently entitled "Exclusions," and its language is clear and easily understood. Under the terms of the policy itself, the clauses listed in the "Exclusions" section con-

cern circumstances under which liability for bodily injury and property damage does not attach. The language of the policy could not be clearer, and its meaning could not be more explicit. Under these circumstances, we cannot agree with appellees that the insurance policy issued by Westfield to Frank and Cheryl Rusche contains any ambiguity regarding liability for injuries and damages resulting from the use of a nonowned, nonpassenger automobile in the course of the business or occupation of the insureds.

We also find without merit appellees' contention that the insureds under the Westfield policy could have reasonably expected coverage for liability resulting from the accident in this case. Essentially, appellees, citing *Industro Motive Corp v Morris Agency, Inc,* 76 Mich App 390; 256 NW2d 607 (1977), argue that coverage exists, "notwithstanding the actual language of the policy," because the insurance agent from whom Frank and Cheryl Rusche purchased their insurance policy represented to the Rusches that they were "all covered" for their insurance needs. However, *Industro Motive Corp* is distinguishable from the case at bar. In that case, an insurance agent told the insured that coverage identical to that provided under another insurance company's policy could be obtained at a lower rate. The insured was given a written binder by the agent describing protection identical to that provided under the other insurance company's policy and the insured relied on the agent's representations in canceling its existing policy and purchasing the new coverage through the agent. This Court found that the insured was entitled to rely on the terms of the written binder, and thus that the insurer was estopped from denying liability under the terms of the written binder, until alerted to deviations from

those terms in the provisions of the insurance policy itself. Under the peculiar facts in that case, which were likened to cases in which an insured seeks to renew an insurance contract with an insurer, this Court concluded that a departure was warranted from the general rule that "an insured has an obligation to read the policy and to air discrepancies in coverage within a reasonable time." *Industro Motive Corp, supra,* p 396.

In the present case, no circumstances exist under which the general rule might properly be avoided. This is not a case involving, or similar to, contract renewal. Moreover, under the rule of "reasonable expectation," which requires a court to ascertain and enforce the meaning of a policy provision as reasonably expected by an insured, the court must presume that the insured actually read the language of the insurance contract in issue. *Powers, supra,* pp 631-633. As already determined, if the language in the insurance policy in this case had been read, the insureds could not have reasonably expected coverage for damages and injuries sustained as a result of Frank Rusche's use of a nonowned, nonpassenger vehicle during the course of his employment, since such coverage was disavowed in unambiguous terms in the "Exclusions" section of the insurance policy issued by Westfield.

The circuit court's grant of summary disposition in favor of appellees is reversed and the case is remanded for further proceedings.

Reversed and remanded.