YAHR v GARCIA

Docket No. 108733. Submitted January 9, 1989, at Lansing. Decided June 19, 1989. Leave to appeal applied for.

Jason M. Yahr, son of John C. and Geralyn K. Yahr, died after being struck by an automobile driven by Ramon G. Garcia, who was insured under an automobile policy issued to him by Farmers Insurance Exchange. Garcia, as a member of his father Raul Garcia's household, was also covered by a Farmers automobile policy issued to his father. Raul Garcia's policy contained an antistacking provision which stated: "With respect to any occurrence, accident or loss to which this and any other insurance policy or policies issued to the insured by the company also apply, no payment shall be made hereunder which, when added to any amount paid or payable under such other insurance policy or policies, would result in a total payment to the insured or any other person in excess of the highest applicable limit of liability under any one such policy." A wrongful death action brought by Mr. and Mrs. Yahr in the Genesee Circuit Court against Ramon Garcia and Farmers was settled with the entry of a consent judgment in the amount of $60,000 against defendants. The judgment did not preclude plaintiffs from seeking recovery under the policy issued to Raul Garcia. When plaintiffs subsequently sought such recovery, the trial court, Philip C. Elliott, J., ruled in favor of plaintiffs, determining that inclusion of the antistacking provision in that section of the policy relating to conditions rather than exclusions was deceptive and that it violated a reasonable expectation by the insured that such provision would be found in the exclusions section along with all other situations for which there was no coverage. Defendant Farmers appealed.

The Court of Appeals *held:*

A court is guided by the following rules when construing an insurance policy exception or exclusion: (1) exceptions are to be strictly construed against the insurer; (2) ambiguities are to be

REFERENCES

Am Jur 2d, Automobile Insurance § 3; Insurance §§ 271, 291.
See the Index to Annotations under Automobile Insurance; Insurance; Other Insurance.

construed in favor of the insured; (3) the insurer has a duty to make clear any exclusion; (4) the insurer may not escape liability by taking advantage of a forced construction of the language in the policy; (5) courts have no patience with attempts by a paid insurer to escape liability by taking advantage of an ambiguity, a hidden meaning, or a forced construction of the language in the policy, when all questions might have been avoided by a more generous or plainer use of words; and (6) the insured must be protected against confusing statements in the policy. In this case rules three and six support the trial court's ruling against the insurer.

Affirmed.

MICHAEL J. KELLY, J., dissented and would hold that the antistacking provision in question does not run afoul of any of the rules relating to judicial construction of insurance policies and that prevention of stacking of coverage does not defeat an insured's reasonable expectations of insurance coverage. He would reverse the decision of the trial court.

1. INSURANCE — JUDICIAL CONSTRUCTION — EXCLUSIONS.

A court, in construing exceptions and exclusions from coverage under an insurance policy, is guided by the following rules: (1) exceptions are to be strictly construed against the insurer; (2) ambiguities are to be construed in favor of the insured; (3) the insurer has a duty to make clear any exclusion; (4) the insurer may not escape liability by taking advantage of a forced construction of the language in the policy; (5) courts have no patience with attempts by a paid insurer to escape liability by taking advantage of an ambiguity, a hidden meaning, or a forced construction of the language in the policy, when all questions might have been avoided by a more generous or plainer use of words; and (6) the insured must be protected against confusing statements in the policy.

2. INSURANCE — EXCLUSIONS.

An insurer has a duty to make clear any exclusion; an exclusion must be placed under the Exclusions section of the insurance policy.

3. INSURANCE — EXCLUSIONS.

An insurer has the duty to write its policy of insurance in easily readable language, and may not escape liability by taking advantage of confusion caused by wordy and complex phraseology when such confusion might have been avoided by the use of plainer language.

*Bueche & Failer* (by *Gary J. Piggott*), for plaintiffs.

*O'Neill, Ackerman, Wallace & Doyle, P.C.* (by *Charles F. Filipiak*), for Farmers Insurance Exchange.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MARILYN KELLY, J. Defendant Farmers Insurance Exchange appeals as of right a circuit court order permitting recovery under a Farmers automobile insurance policy. The policy contains an "other insurance" clause. The clause purports to deny multiple recovery or "stacking" of insurance payments under more than one policy issued by the company. It limits the total dollar amount payable to the highest amount applicable under any one policy.

In September, 1986, defendant Ramon Garcia was driving an automobile insured by Farmers when he struck and killed plaintiffs' thirteen-month-old son. The parties settled their suit through a consent judgment for $60,000. The judgment released Ramon from liability and preserved plaintiffs' right to seek further recovery under other insurance policies.

At the time of the accident, Ramon lived with his father, Raul. Raul Garcia was also insured by Farmers. He maintained a policy which listed his own car, one not involved in the accident. The policy said it covered others in the household while driving vehicles in addition to the one named in the policy. Plaintiffs filed the instant action to recover $30,000, the limit under Raul Garcia's policy.

Farmers denied liability based on the "other

insurance" clause. This clause is found at paragraph 9 of the section entitled "Conditions." It reads:

OTHER INSURANCE IN THE COMPANY
With respect to any occurrence, accident or loss to which this and any other insurance policy or policies issued to the insured by the Company also apply, no payment shall be made hereunder which, when added to any amount paid or payable under such other insurance policy or policies, would result in a total payment to the insured or any other person in excess of the highest applicable limit of liability under any one such policy.

After review of the policy including its "other insurance" clause, the circuit court issued an opinion and order allowing recovery and striking the clause as deceptive. It relied on Chief Justice WILLIAMS' lead opinion in *Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986). The court held that the existence of the clause as an exclusion and its impact on liability were unclear. It ruled also that the clause defeated the reasonable expectations of the insured and that it was therefore void and unenforceable.

On appeal, Farmers argues that the trial court erred. We disagree and affirm.

The *Powers* decision is not binding upon us, as it was not a majority decision. However, we find the reasoning in Justice WILLIAMS' opinion persuasive, as did the panel in *DeMaria v Auto Club Ins Ass'n (On Remand),* 165 Mich App 251, 254; 418 NW2d 398 (1987). The opinion sets forth six rules for construing automobile insurance policies:

1) "[E]xceptions in an insurance policy to the general liability provided for are to be strictly construed against the insurer."

2) An insurer may not "escape liability by taking advantage of an ambiguity . . . ." " '[W]herever there are two constructions that can be placed upon the policy, the construction most favorable to the policyholder will be adopted.' "

3) An insurer must "so . . . draft the policy as to make clear the extent of nonliability under the exclusion clause."

4) An insurer may not "escape liability by taking advantage of . . . a forced construction of the language in a policy . . . ." . . . "[T]echnical constructions of policies of insurance are not favored. . . ."

5) "The courts have no patience with attempts by a paid insurer to escape liability by taking advantage of an ambiguity, a hidden meaning, or a forced construction of the language in a policy, when all question might have been avoided by a more generous or plainer use of words."

6) "[N]ot only ambiguous but deceptive." "[T]he policyholder must be protected against confusing statements in policies . . . ." [Citations omitted. 427 Mich 623-624.]

The trial court determined Farmers' "other insurance" clause was deceptive and ambiguous after applying rules one and three. It noted the objectionable clause was listed under the "Conditions" section of the policy rather than under the "Exclusions" section. The court held it reasonable that the insured should expect to find exclusions under Exclusions. *Powers,* 628.

Review of the insurance policy and the clause in question convinces us that the "other insurance" clause violated not only rule three but also rule six.

With respect to rule three, Farmers failed to draft the policy so as to make clear under the Exclusions section the extent of nonliability intended. The "other insurance" clause does not

appear under the Exclusions section. It is not even vaguely identified as an exclusion by placement under a captioned supplemental endorsement, as was a similar clause in *DeMaria, supra.* The "other insurance" clause in this policy appears under the Conditions section on the next to last page of the policy. It does not logically belong there, as it is much more an exclusion than a condition. This becomes apparent as one compares it with the other clauses in each section.

The other Conditions clauses include actions constituting acceptance of the agreement; a requirement that the accident must occur within the policy period; a requirement of written notice of loss; a provision against assignment; cancellation provisions; and a requirement of proof of loss. These clauses, unlike the "other insurance" clause, cover situations which give rise to coverage.

The Exclusions section includes clauses which deny recovery to injured persons entitled to receive workers' compensation benefits from the insured. The "other insurance" clause is analogous to this type of situation, where coverage is denied because of the existence of some other contingency.

Farmers has attempted to escape liability by inserting and then taking advantage of confusion in the phrasing of the "other insurance" clause. In so doing, it also violated rule six in *Powers, supra.* Rule one states that exceptions to general liability are to be strictly construed against the insurer. As between the insured and the insurer, the latter had complete control of the drafting of the policy. When writing the clause in question, it chose a long, wordy and complex sentence.

We believe the average person purchasing this insurance policy would have great difficulty under-

standing the "other insurance" clause. Such opaque use of language reminds us why insureds commonly despair of reading their policies in an effort to learn what they are getting. Farmers easily could have avoided any confusion in the "other insurance" clause by a plainer use of language.

The trial court's final conclusion was that the insurance contract violated the reasonable expectations of the insured. It may be true that an insured cannot reasonably expect to stack his coverage. *Bradley v Mid-Century Ins Co,* 409 Mich 1, 57-58; 294 NW2d 141 (1980). We doubt it occurs to most people to consider if they could stack coverage when selecting a policy.

However in a broader sense, we find that an insured is not without some reasonable expectations when choosing insurance. One such expectation is that when one refers to the Exclusions section, one will find listed there the situations which the policy will not cover. See *Powers, supra,* pp 631-634. A situation in which more than one policy has liability for an accident falls in that category. Thus we agree that this Farmers insurance contract defeated the insured's reasonable expectation that exclusions would appear in the Exclusions section.

Farmers had a duty to make the exclusions it chose clear to the people who pay for its insurance. *Powers, supra,* p 627. It violated that duty through the obfuscating use of language in the "other insurance" clause and by deceptive placement of the clause in the policy. We affirm the trial court's ruling voiding the "other insurance" provision.

Affirmed.

GRIBBS, P.J., concurred.

Michael J. Kelly, J. *(dissenting)*. I disagree with the majority's conclusion that the antistacking clause violated rules three and six from *Powers v DAIIE*, 427 Mich 602; 398 NW2d 411 (1986). Review of the insurance policy and clause in question does not indicate that the antistacking clause violated any of the six rules for construction listed in Chief Justice Williams' lead opinion in *Powers, supra.*

In *DeMaria v Auto Club Ins Ass'n (On Remand)*, 165 Mich App 251; 418 NW2d 398 (1987), the Court reviewed an antistacking clause which was very similar to the clause in the instant case, and upheld that clause because it was unambiguous and clearly eliminated duplicate recovery. 165 Mich App at 254-255. Here, Farmers' antistacking clause for other insurance policies is equally unambiguous and clearly eliminates multiple recovery under other insurance policies issued by Farmers. If anything, the clause in the instant case is more clearly worded and concise than the one in *DeMaria.*

Nor is it significant that Farmers' clause was listed under the "Conditions" section of the insurance policy rather than in the "Exclusions" sections. The antistacking clause in *DeMaria, supra,* was entitled "Coverage Applicability Endorsement" and was found in the amendments and endorsements to the insurance contract. 165 Mich App at 254. Review of Farmers' policy indicates that the Exclusions section listed specific situations where the policy coverage simply did not apply. However, the Conditions section contained several paragraphs, including the clause at issue, which did not eliminate policy coverage, but merely placed a cap on the amount of recovery in the case of overlapping insurance policies. Farmers' antistacking clause was not deceptively placed,

nor did it fail to make clear the coverage cap in the case of additional coverage under multiple policies issued by Farmers.

The trial court also erred by concluding that Farmers' antistacking clause defeated the insured's reasonable expectation of coverage. Contrary to the trial court's holding, prevention of stacking of coverage does not defeat an insured party's reasonable expectations of coverage. *Bradley v Mid-Century Ins Co,* 409 Mich 1, 57-58; 294 NW2d 141 (1980). In *Bradley,* our Supreme Court rejected the argument that "other insurance" clauses which barred duplicate recovery defeated the reasonable expectations of insured parties. *Id.* These clauses are enforceable to prevent stacking of insurance payments. *Id.* at 48. I believe that the trial court clearly erred by concluding that Farmers Insurance Exchange's antistacking clause was void.

I would reverse the trial court's decision.