VANDYKE v LEAGUE GENERAL INSURANCE COMPANY

Docket No. 113304. Submitted January 5, 1990, at Grand Rapids. Decided June 18, 1990. Leave to appeal applied for.

John VanDyke, Jr., was killed in a single vehicle accident while a passenger in an uninsured truck owned and driven by Craig Fons. John Richard VanDyke, individually and as personal representative of the estate of John VanDyke, Jr., deceased, and Marilyn VanDyke filed suit against Fons and others, including League General Insurance Company, in Kalamazoo Circuit Court. Plaintiffs sought coverage for Fons under a League General policy issued covering the automobiles of Fons' mother. League General moved for summary disposition on the ground that Fons was not an insured under his mother's policy. The court, Philip D. Shaefer, J., agreed and granted summary disposition in favor of League General. Plaintiffs appealed, arguing that the owned/nonowned vehicle exclusion contained in the liability section of the insurance policy, upon which the court relied in finding that Fons was not covered under his mother's policy, is void as against public policy because the language is ambiguous and defeated the reasonable expectations of the policyholder.

The Court of Appeals *held:*

The relevant language of the insurance policy is clear, unambiguous, and capable of only one interpretation: Craig Fons, the owner of the truck which was involved in the accident and for which no premium was charged by defendant, was not an insured under the policy issued by League General. There is no ambiguity in the policy which would serve to defeat the reasonable expectations of the insureds.

Affirmed.

MICHAEL J. KELLY, J., dissented. He would find that the policy's owned/nonowned vehicle exclusion is invalid as ambiguous and contrary to the reasonable expectations of the policyholder. He would reverse.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 34, 354, 446.

Who is "named insured" within meaning of automobile insurance coverage. 91 ALR3d 1280.

1. INSURANCE — NO-FAULT — "OWNED" AUTOMOBILES — UNINSURED VEHICLES.

An automobile insurance policy which specifically provides coverage for the named insured and any resident of the same household where the vehicle in question is an "owned" automobile as defined in the policy, and the policy defines an "owned" automobile as one described in the policy for which a specific premium charge indicates that coverage is afforded, is not ambiguous and effectively excludes coverage for an uninsured vehicle owned by the son of the policyholder.

2. INSURANCE — CONTRACTS — JUDICIAL CONSTRUCTION — EXCLUSIONS.

An insurance policy must be read as a whole in determining whether an ambiguity exists in a particular clause of the insurance policy.

3. INSURANCE — CONTRACTS — COVERAGE — PRESUMPTIONS.

An insured generally is obligated to read his insurance policy and to raise questions concerning coverage within a reasonable time after issuance of the policy.

*Sloan, Newton, Stevens & Yokom* (by *Gary C. Newton*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for defendant.

Before: BRENNAN, P.J., and MICHAEL J. KELLY and CYNAR, JJ.

BRENNAN, P.J. Plaintiffs appeal as of right from a Kalamazoo Circuit Court order for summary disposition. MCR 2.116(C)(10). We affirm.

Plaintiff's decedent was killed in a single vehicle accident while a passenger in a truck owned and driven by defendant Craig Fons. The truck was uninsured. Plaintiffs filed suit against Fons and other defendants, including League General, the insurer of Fons' parents' automobiles. Plaintiffs sought coverage under the League General policy for Craig Fons.

League General moved for summary disposition under MCR 2.116(C)(10) arguing that Fons was not an insured under his parents' policy. The trial court agreed and entered an order for summary disposition on November 14, 1988.

Plaintiffs argue on appeal that the trial court erred by granting summary disposition in favor of defendant League General, because the owned/nonowned vehicle exclusion contained in the insurance policy is invalid. We disagree.

This Court set forth the relevant standard for reviewing a motion for summary disposition under MCR 2.116(C)(10) in *Grochowalski v DAIIE,* 171 Mich App 771, 773-774; 430 NW2d 822 (1988), lv den 432 Mich 931 (1989):

> A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987). In ruling on this motion, the trial court must consider not only the pleadings, but also depositions, affidavits, admissions, and other documentary evidence. *Id.* The trial court should be liberal in finding a genuine issue of material fact and must give the benefit of any reasonable doubt to the nonmoving party. *Id.* Summary disposition is appropriate only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency which cannot be overcome. *Id.* We note that a party opposing a motion brought under subrule 10 may not rest upon the allegations or denials of his pleadings, but must come forward with evidence to establish the existence of a material factual dispute. *Id.* See also MCR 2.116(G)(4). If the nonmoving party fails to establish that a material fact is at issue, the motion is properly granted. *Morganroth, supra,* p 789.

The issue on appeal is whether defendant Craig

Fons, the owner and driver of the truck in which plaintiffs' decedent was killed and with respect to which the insurance required by the Michigan no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, was not in effect, is an insured under the no-fault insurance policy issued by defendant to Fons' parents.

Plaintiffs, citing *Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986), argue here that the owned/ nonowned vehicle exclusion contained in the liability section of the insurance policy is void as against public policy because the language is ambiguous and defeated the reasonable expectations of the policyholders.

*Powers, supra,* was a plurality opinion and, therefore, is not binding precedent. *DeMaria v Auto Club Ins Ass'n (On Remand),* 165 Mich App 251; 418 NW2d 398 (1987). Furthermore, none of the cases decided in *Powers* involved a situation where coverage was sought for the owner of an uninsured motor vehicle involved in an accident under an insurance policy covering a resident relative's automobiles. Thus, we do not find the reasoning in *Powers* controlling.

The pertinent policy language provides:

Coverage A - Bodily Injury Liability

League General will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death resulting therefrom, . . . sustained by any person . . . arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile . . . .

             * * *

Persons Insured

The following are insured under Part II:
    (a) with respect to the owned automobile,

(1) the named insured and any resident of the same household,

\* \* \*

(b) with respect to a non-owned automobile,

(1) the named insured,

(2) any [resident] relative. . . .

\* \* \*

Definitions

\* \* \*

"owned automobile" means

(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded.

\* \* \*

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.

In determining whether the language of an insurance policy is ambiguous, the contract must be read as a whole. *Transamerica Ins Corp of America v Buckley,* 169 Mich App 540, 546; 426 NW2d 696 (1988). An insured is obligated to read his or her insurance policy and to raise questions concerning coverage within a reasonable time after the policy is issued. *Id.* A court cannot create an ambiguity where none exists. *Farm Bureau Mutual Ins Co of Michigan v Hoag,* 136 Mich App 326, 332; 356 NW2d 630 (1984). Since there is no question that Fons owned the truck involved in the accident, the truck was not a "non-owned automobile." Thus, our inquiry must focus on the language of the policy as it relates to "owned automobile[s]."

Having read the policy as a whole, we conclude that the relevant language of the insurance policy is clear and unambiguous and, therefore, could not defeat the reasonable expectations of the insureds. The language of the policy is capable of only one interpretation: Craig Fons, the owner of the truck which was involved in the accident, for which no premium was charged by defendant indicating that coverage was afforded under the policy, was not an insured under the policy issued by defendant because the truck did not meet the policy's definition of an "owned automobile."

Accordingly, the trial court properly granted summary disposition in favor of defendant League General.

Affirmed.

CYNAR, J., concurred.

MICHAEL J. KELLY, J. *(dissenting)*. I respectfully disagree with the majority's conclusion that the policy's owned/nonowned vehicle exclusion was not ambiguous or contrary to the reasonable expectations of the insureds. In *Powers v DAIIE,* 427 Mich 602, 617-618; 398 NW2d 411 (1986), our Supreme Court found virtually identical provisions invalid as ambiguous and contrary to the reasonable expectations of the policyholder. Although *Powers* was a plurality opinion, I believe it is still strong persuasive authority which should be followed by this Court. I would reverse.