STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
KOUTZ

Docket No. 120803. Submitted November 20, 1990, at Lansing. Decided March 7, 1991; approved for publication May 22, 1991, at 9:00 A.M.

State Farm Mutual Automobile Insurance Company brought an action in the Gratiot Circuit Court against Roland S. Koutz, Jr., personal representative of the estate of Steven Koutz, deceased, and Walter Nalevayko, personal representative of the estates of Carolyn Nalevayko and Theresa Nalevayko, deceased, seeking a declaration that it had no liability to the defendants under the terms of insurance policies it issued to the parents of Curt Steere, the person driving the automobile, not insured by State Farm, in which the decedents were riding when they were killed. The court, Randy L. Tahvonen, J., entered a judgment absolving the plaintiff of liability to the defendants, determining that the terms of plaintiff's policies provided no liability coverage for Steere's use of his own, separately insured automobile. The defendants appealed.

The Court of Appeals held:

1. The general liability clause of the plaintiff's policies stated in part that the plaintiff would pay damages which an insured became legally liable to pay because of bodily injury to others caused by accidents resulting from the ownership, maintenance or use of "your car," defined in the policies as the vehicle described on the declarations page of the policies. The general liability clause provides no coverage because the accident did not involve an automobile meeting the definition of "your car."

2. The general liability clause also stated that liability coverage extended to the use, by an insured, of a nonowned car. The policies defined "insured," with respect to a nonowned car, to include the first person named in the declarations, that person's spouse, and their relatives. "Nonowned car" was defined in part as a car not owned by or registered in the name of "you, your spouse, or any relatives." Finally, "relative" was defined as a person related to "you or your spouse by blood, marriage, or adoption who lives with you." Although Steere was an "insured" for "other car" coverage because he was a relative of the named insureds, the automobile he was operat-

ing at the time of the accident was not a nonowned car within the policy definitions because he owned the automobile.

3. An endorsement to one of the plaintiff's policies stated: "There is no liability coverage for the operation, maintenance or use of any vehicle owned by, registered in the name of, or furnished or available for the regular or frequent use of you, your spouse, or any relatives. This does not apply to your car or a newly acquired car." Because the term "your car" was clearly defined as the car listed on the declarations page, the endorsement cannot be said to have been contradictory, obscure or ambiguous or that it defeated the reasonable expectations of the insureds. Rather, the endorsement merely restated in another way what persons and vehicles were covered.

Affirmed.

*Fortino, Plaxton & Moskal* (by *John J. Moskal*), for the plaintiff.

*Gray, Sowle & Iacco, P.C.* (by *Loren E. Gray*), for the defendants.

Before: MACKENZIE, P.J., and McDONALD and MURPHY, JJ.

PER CURIAM. Defendants appeal as of right from a declaratory judgment in favor of plaintiff. We affirm.

Curt Steere and defendants' decedents all died as the result of a two-car accident in which Steere was at fault. Steere was driving a vehicle which he owned, and which was registered and insured in his name. At the time of the accident, Steere was nineteen years old and resided with his parents. They owned three vehicles and were the only named insureds under separate insurance policies issued by plaintiff on each of those vehicles.

In this action, defendants claimed that Steere, as a resident of his parents' household, was an "insured" within the meaning of the three policies plaintiff issued to Steere's parents. The trial court ruled that the policies issued to Steere's parents

did not cover Steere's liability for the deaths of defendants' decedents. Defendants claim this ruling was erroneous as a matter of law. We disagree.

Defendants, relying on the lead opinion in *Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986), argue that the policies issued by plaintiff to Steere's parents are ambiguous and defeat the reasonable expectations of the insureds, and therefore cannot be held to deny coverage. *Powers,* however, was a plurality opinion and thus is not binding. *DeMaria v Auto Club Ins Ass'n (On Remand),* 165 Mich App 251; 418 NW2d 398 (1987); *VanDyke v League General Ins Co,* 184 Mich App 271; 457 NW2d 141 (1990). Moreover, none of the cases decided in *Powers* involved a situation where coverage was sought for the owner of a separately insured automobile under a policy covering a resident relative's automobiles. Thus, the reasoning of *Powers* is not controlling. See *VanDyke, supra,* p 274.

The basic liability coverage under the three policies issued by plaintiff to Steere's parents, "Coverage A," states:

> We will pay damages which an *insured* becomes legally liable to pay because of:
> a. *bodily injury* to others, and
> b. damage to or destruction of property including loss of its use,
> caused by accident resulting from the ownership, maintenance or use of *your car.*

The policy defines "your car" as the "vehicle described on the declarations page." On the basis of this definition, even if Steere were an "insured," the accident was not covered under the general liability coverage clause of his parents' policies because the accident did not involve "your car" as defined in the policy.

Coverage A also extends coverage for the use of certain "other cars." That insuring clause states: "The liability coverages extend to the use, by an *insured,* of a *newly acquired car,* a *temporary substitute car* or a *non-owned car.*" The "insured," with respect to a "non-owned car," includes the first person named in the declarations, his or her spouse, and their relatives. "Non-owned car" is defined on the definitions page as a car not:

1. owned by,
2. registered in the name of, or
3. furnished or available for the regular or frequent use of:
*you, your spouse,* or any *relatives.*

A "relative" is "a person related to *you* or *your spouse* by blood, marriage, or adoption who lives with *you.*" "You" or "your" refers to the named insured or insureds shown on the declarations page. The car involved in this accident was owned by a resident relative of the named insureds. Although Steere was an "insured" for "other car" coverage because he was a relative of the named insureds, the car he was operating at the time of the accident was not a "non-owned car" within the policy definitions because he owned the car.

Defendants also point to the seemingly contradictory language of an endorsement to one of Steere's parents' policies under the heading, "When Coverages A and Y Do Not Apply":

THERE IS NO COVERAGE UNDER COVERAGES A AND Y:

\* \* \*

4. FOR THE OPERATION, MAINTENANCE OR USE OF ANY VEHICLE:
   a. OWNED BY;

b. REGISTERED IN THE NAME OF; OR

c. FURNISHED OR AVAILABLE FOR THE REGULAR OR FREQUENT USE OF:

*YOU, YOUR SPOUSE* OR ANY *RELATIVES*. This does not apply to *your car* or a *newly acquired car.*

If the term "your car" were not in bold face italics or otherwise highlighted, and if it were not prominently defined as the car listed on the declarations page, then defendants' argument might have merit. That, however, is not the case here. The definitions are at the beginning of the policy, the defined terms are highlighted, and this exclusion does nothing more than restate in another way the terms of what persons and what vehicles are covered by the liability coverage.

The trial judge acknowledged that "for someone sitting down at the kitchen table looking at their insurance policy," this analysis "takes a little time." This is not to say, however, that the language is obscure, ambiguous, or defeats the reasonable expectations of the insured. Compare *Van-Dyke, supra.* The definitions are set out at the beginning of the policy and terms subject to those definitions are highlighted throughout the policy. The trial court did not err in ruling that the language of the policy was unambiguous in excluding coverage for Steere's operation of a motor vehicle titled in his name and not included on the declarations page of the policy.

Affirmed.