ENGLUND v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 129375. Submitted February 13, 1991, at Lansing. Decided
    March 11, 1991; approved for publication June 20, 1991, at 9:15
    A.M.

Terri Englund, injured while a passenger on a motorcycle in-
    volved in a collision with an automobile, brought an action in
    the Wayne Circuit Court against State Farm Mutual Automo-
    bile Insurance Company, seeking a declaration regarding the
    defendant's liability as insurer under five separate policies
    covering the motorcycle, the automobile, an automobile owned
    by the motorcyclist, and two other automobiles owned by the
    owner of the automobile involved in the accident. The defen-
    dant conceded liability under the policies covering the motorcy-
    cle and the automobile involved in the accident, and the court,
    J. Phillip Jourdan, J., granted summary disposition for the
    plaintiff with respect to the policies covering the automobiles
    not involved in the accident, determining that the plaintiff
    could recover under the residual liability coverages of those
    policies. The defendant appealed.

    The Court of Appeals held:

    The defendant's policies clearly and unambiguously provide
    that there is no coverage for the operation, maintenance, or use
    of any vehicle owned by, registered in the name of, or fur-
    nished to or available for the regular or frequent use of the
    named insured, the named insured's spouse, or the named
    insured's relatives unless the vehicle is a vehicle described on
    the declarations page as the insured's car or a newly acquired
    car. This provision precludes recovery by the plaintiff under the
    policies covering the automobiles not involved in the accident.
    The trial court should have granted summary disposition for
    the defendant.

    Reversed and remanded for entry of summary disposition for
    the defendant.

*Tom R. Pabst,* for the plaintiff.

*Draugelis & Ashton* (by *John A. Ashton*), for the
defendant.

Before: McDONALD, P.J., and BRENNAN and JANSEN, JJ.

PER CURIAM. Plaintiff sought to recover $350,000 from defendant insurance company for injuries sustained in a motorcycle-automobile collision. In this declaratory action to establish defendant's liability, the trial court granted plaintiff's motion for summary disposition, finding that plaintiff could recover under residual liability coverages of three automobile policies issued by defendant. At the same time, the trial court denied defendant's cross-motion for summary disposition. Defendant appeals as of right from the trial court's grant of summary disposition, alleging that the insurance policies involved in the present case precluded the stacking of coverage. We agree and reverse.

The present action stems from a collision between an automobile and motorcycle. Both vehicles were insured by defendant. In addition, the father of the driver of the automobile had two motor vehicle policies issued by defendant on two other automobiles. The motorcyclist also had a policy issued by defendant on an automobile. Plaintiff, a passenger on the motorcycle, sought recovery under all five policies. Defendant conceded liability under the policies written for the motorcycle and the car involved in the accident and, therefore, paid plaintiff the coverage limits on these two policies. The present action was instituted to determine the applicability of the policies for the three remaining automobiles that were not involved in the accident. We hold that those policies do not provide coverage.

Our review of a declaratory judgment is conducted de novo. *Auto Club Ins Ass'n v Page,* 162 Mich App 664, 666-667; 413 NW2d 472 (1987). In determining whether an insurance policy applies

in a given case, this Court must first determine whether the policy is clear and unambiguous on its face. We look to the language of the policy and construe any ambiguity in favor of the insured. *Allstate Ins Co v Freeman,* 432 Mich 656, 665; 443 NW2d 734 (1989) (RILEY, C.J.). If a reading of the entire contract of insurance fairly admits of but one interpretation, it may not be said that an exclusion is ambiguous or fatally unclear. *Raska v Farm Bureau Mutual Ins Co,* 412 Mich 355, 362; 314 NW2d 440 (1982); *Allen v Auto Club Ins Ass'n,* 175 Mich App 206, 209-210; 437 NW2d 263 (1988).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *VanDyke v League General Ins Co,* 184 Mich App 271, 273; 457 NW2d 141 (1990). Summary disposition is appropriate if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency which cannot be overcome. *Id.* If a nonmoving party fails to establish that a material fact is at issue, the motion is properly granted. *Id.*

In the present case, the policies of insurance, under the heading "When coverages A and Y do not Apply," contain the following provision:

There is no coverage under A and Y:

*   *   *

4. For the operation, maintenance or use of any vehicle:
a. Owned by:
b. Registered in the name of: or
c. Furnished or available for the regular or frequent use of: You, your spouse or any relatives. This does not apply to your car or a newly acquired car.

We hold that this provision is clear and unam-

biguous. *Powers v DAIIE,* 427 Mich 602, 623-624; 398 NW2d 411 (1986) (WILLIAMS, C.J.). The language establishes that coverage is excluded when the accident involves the use of a vehicle owned by the insured, the insured's spouse or relatives of the insured unless the vehicle is the insured's car, which is described in the definitional section of the insurance policy as the vehicle described on the declarations page. This section precludes recovery under the policies issued on the three automobiles not involved in the accident. Thus, we hold that the trial court erred in finding that this provision was ambiguous and in granting plaintiff's motion for summary disposition. Similarly, because plaintiff has failed to provide evidence of any material fact to contradict the evident meaning of this provision, we hold that the trial court should have granted summary disposition for defendant on the basis of the language in the policies.

We reverse and remand the case for entry of an order of summary disposition in favor of defendant under MCR 2.116(C)(10). We do not retain jurisdiction.