HENISER v FRANKENMUTH MUTUAL INSURANCE COMPANY

Docket No. 142957. Submitted November 9, 1992, at Grand Rapids. Decided August 2, 1993, at 9:30 A.M. Leave to appeal sought.

   Richard J. Heniser brought an action in the Kent Circuit Court against Frankenmuth Mutual Insurance Company, seeking the proceeds of a homeowner's insurance policy insuring a house that was sold by the plaintiff on a land contract and destroyed by fire while the policy was in effect. The court, Robert A. Benson, J., entered a judgment for the defendant, finding that the policy provided no coverage for the loss because it provided that the insured must be using the dwelling as his residence in order to receive coverage, and the plaintiff had relinquished his possessory interest and all rights to reside there when he sold the house and the buyers took possession two months before the fire. The plaintiff appealed.

   The Court of Appeals *held:*

   1. The "residence premises" as defined in the insurance policy is unambiguous and not in conflict with other language used in the policy. The policy clearly provides that the dwelling must be used as the insured's residence in order to receive coverage. When the plaintiff sold the house and the buyers took possession before the fire loss, it was no longer the plaintiff's residence premises and he was not entitled to coverage under the policy.

   2. The policy clearly defined "residence premises" without resort to unusual or multiple definitions that might frustrate the insured's expectations or act as an exclusion.

   Affirmed.

   GRIFFIN, J., dissenting, stated that the majority impermissibly has transformed a policy definition into an exclusion. Coverage for the plaintiff's insurable interest as a land contract vendor was not forfeited as a result of the sale of the home. The policy definition describing the property as the "residence premises" does not exclude coverage after the property was sold. If an insurer intends to exclude coverage under certain

REFERENCES

Am Jur 2d, Insurance §§ 271, 283.

See ALR Index under Insurance and Insurance Companies.

circumstances, it should clearly state those circumstances in the "exclusions" section of the policy. The policy definition describes the residence covered at the time of the issuance of the policy and does not impose a condition requiring the policyholder to continue to live in the residence.

INSURANCE — JUDICIAL CONSTRUCTION — CONTRACTS.

Insurance policies are construed in favor of coverage when an ambiguity exists; if the policy fairly admits of but one interpretation, the policy should not be considered ambiguous or fatally unclear.

*Cholette, Perkins & Buchanan* (by *Bruce M. Bieneman* and *Robert J. Riley*), for the plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *Michael P. McDonald*), for the defendant.

Before: MACKENZIE, P.J., and GRIFFIN and CONNOR, JJ.

MACKENZIE, P.J. This is an action for recovery under a homeowner's insurance policy issued by defendant to plaintiff. Following a bench trial, the trial court found that the policy provided no coverage for plaintiff's fire-loss claim and entered a judgment in favor of defendant. Plaintiff appeals as of right. We affirm.

The facts are undisputed. For several years, plaintiff had owned a house in Honor that he used as a seasonal residence. In September 1988, he renewed his homeowner's policy on the house for a one-year period. In November 1988, plaintiff sold the property on a land contract, and the buyers took possession of the house. In January 1989, while the homeowner's policy was still in effect, the house was destroyed by fire. Defendant denied coverage for the fire loss.

The policy at issue provided in relevant part in Section I—Property Coverages:

We cover:

1. the dwelling on the residence premises shown in the Declarations, including structures attached to the dwelling.

The definitions section of the policy states in relevant part:

8. "residence premises" means:

a. the one family dwelling, other structures and grounds; or

b. that part of any other building; *where you reside* and which is shown as the "residence premises" in the Declarations. "Residence premises" also means a two to four family dwelling *where you reside* in at least one of the family units and which is shown as the "residence premises" in the Declarations. [Emphasis added.]

The sole issue in this case is whether the trial court erred in finding that the policy of insurance issued by defendant to plaintiff provided no coverage for the fire loss because of the "residence premises" definition in the policy. We find no error.

Insurance policies will be construed in favor of coverage when an ambiguity exists. However, if an insurance contract fairly admits of but one interpretation, the policy should not be considered ambiguous or fatally unclear. *Farm Bureau Mutual Ins Co of Michigan v Stark,* 437 Mich 175, 182; 468 NW2d 498 (1991). Here, we agree with the trial court that "residence premises" as defined in the insurance policy was unambiguous and not in conflict with other language used in the policy. As found by the court, the policy is clear that the dwelling listed on the declaration sheet must be used as the insured's residence in order to receive coverage. Here, when plaintiff sold the

house two months before the fire loss, he relinquished his possessory interest and all rights to reside there. Under the clear language of the policy, the house was no longer his "residence premises," and, thus, he was not entitled to coverage under this insurance policy. Instead, it appears that plaintiff's remedy lies with the purchasers of the house, who under the terms of the land contract were obligated to insure the property with a loss-payable clause in favor of plaintiff.

Plaintiff also relies on *Powers v DAIIE*, 427 Mich 602; 398 NW2d 411 (1986), and *Transamerica Ins Corp of America v Buckley*, 169 Mich App 540; 426 NW2d 696 (1988), to argue that an insurer is not allowed to enforce purported exclusionary language that is found in the definitions section of the insurance contract. We agree with the trial court that those cases are inapplicable under the circumstances of this case. Unlike *Powers* and *Buckley*, the policy in this case clearly defines "residence premises" without resort to unusual or multiple definitions that might frustrate the insured's expectations or act as an exclusion. Accordingly, we affirm the decision of the trial court.

Affirmed.

CONNOR, J., concurred.

GRIFFIN, J. *(dissenting).* I respectfully dissent. In my view, the majority has impermissibly transformed a policy definition into an exclusion. As a general rule, once coverage is afforded,

> if an insurer intends to exclude coverage under certain circumstances, it should clearly state those circumstances in the section of its policy entitled "Exclusions." *Powers v DAIIE*, 427 Mich 602, 632-633; 398 NW2d 411 (1986). [*Transamerica Ins Corp*

*of America v Buckley,* 169 Mich App 540, 546; 426
NW2d 696 (1988).]

As noted by the majority, the sole issue before
us is whether coverage is excluded in this instance
because the home did not meet the policy's defini-
tion of "residence premises" at the time of the fire.
The seminal case in this area appears to be *Reid v
Hardware Mutual Ins Co of the Carolinas, Inc,* 252
SC 339; 166 SE2d 317 (1969). In *Reid,* the plaintiff
insureds purchased a policy of fire insurance cover-
ing their family home. The insured building was
described in the policy as a "one story frame
constructed . . . *owner occupied,* one family dwell-
ing." *Id.* at 342 [emphasis added]. While the policy
was in force, the Reids sold their home to a third
party, who assumed the Reids' outstanding mort-
gage on the property. Significantly, the insurance
policy was not transferred with the property and
the Reids remained the named insureds.

Shortly after the property was sold, the home
was destroyed by fire. Because she remained liable
on the mortgage, Mrs. Reid sought to recover the
outstanding balance from the insurer, Hardware
Mutual. Hardware Mutual denied coverage, argu-
ing, in part, that because the Reids were no longer
living in the home, it was not "owner occupied" at
the time of the fire. The trial court disagreed and
entered judgment in favor of Mrs. Reid.

On appeal, the Supreme Court of South Carolina
affirmed. After concluding that Mrs. Reid held an
insurable interest in the property, the court held
that the policy provision describing the property
as "owner occupied" did not operate to exclude
coverage after the property was sold. In pertinent
part, the court concluded:

[A] description of a house in a policy of insur-

ance, as "occupied by" the insured, is a description merely and is not an agreement that the insured should continue in the occupation of it. *Joyce v Maine Ins Co,* 45 Me 168 [71 Am Dec 536 (1858)]. *O'Niel v Buffalo Fire Ins Co,* 3 NY 122 [1849]. A statement in an insurance policy that the property is occupied by the insured as a dwelling for himself and family, is not a warranty that it shall continue to be so occupied but is only a warranty of the situation at the time the insurance is effected. *German Ins Co v Russell,* 65 Kan 373; 69 P 345; 58 LRA 234 [1902].

There is no provision in the policy contract that the dwelling would be "owner occupied" during the term of the insurance contract nor any requirement that if the premises are otherwise occupied than by the owner, notice of such change of occupancy or use would be given to the insurer.

The insurance contract here involved contained a description of the dwelling insured as being "owner occupied." This was an affirmative warranty, not a continuing warranty, by the respondent that the dwelling was so occupied by him at the time the contract of insurance was made. [*Reid, supra* at 346-347.]

The decision in *Reid* was followed by the United States Court of Appeals for the Ninth Circuit in *Ins Co of North America v Howard,* 679 F2d 147 (CA 9, 1982). In *Howard,* the insured rented her home to a third party, after which it burned down. The policy previously issued to the insured defined the covered dwelling as the "residence *owned and occupied* by the insured exclusively for residential purposes." *Id.* at 148 [emphasis added]. Like the majority in the case at bar, the district court in *Howard* found the policy language unambiguous and concluded that there was no coverage. On appeal, the Court of Appeals for the Ninth Circuit reversed, holding in pertinent part as follows:

The district court found the provision "unambiguous," saying that it required the policyholder to occupy the residence herself during the entire time the policy was in effect or forfeit coverage under the policy. We also find the provision unambiguous. However, we find that it has a wholly different effect than the district court thought. *The provision describes the residence covered at the time of the issuance of the policy. It contains a representation that the insured is the homeowner and occupant and that the insurance is not being purchased by a third party. It does not impose a condition requiring the policyholder to continue to live in the residence.*

Neither party cites any Oregon decision interpreting language similar to that contained in the provision. Nor did the district court in its brief order. Plaintiff insurance company cites *Bryan v United States Fire Ins Co,* 456 SW2d 702 (Tex Civ App, 1970), in support of the district court's interpretation. Mrs. Howard cites *Reid v Hardware Mutual Ins Co of Carolinas,* 252 SC 339; 166 SE2d 317 (1969). We find that the latter case and the authorities on which it relies far more pertinent and persuasive. . . .

In interpreting state law in a diversity case we are required to apply the law as we believe the Supreme Court of the state would apply it. See *Kabatoff v Safeco Ins Co,* 627 F2d 207, 209 ([CA 9] 1980). We believe the Oregon Supreme Court would adopt the same reasonable, enlightened view of the effect of the "owned and occupied" language which the South Carolina court has adopted. We conclude that, under Oregon law, if an insurance company wishes to have a homeowner's policy terminate upon rental of his home, it must so provide explicitly and unambiguously in the policy of insurance, and that a mere statement in the policy that he is the owner and occupant is wholly insufficient for this purpose. Under any proper view of the law, a homeowner is entitled to be given specific and unequivocal notice in the insurance policy that his coverage will be forfeited upon his rental of his home so that if a death in

the family, other changes in family or economic circumstances, or even just a desire to change his way of life, causes him to move from his home, he may make whatever other insurance arrangements are necessary to protect the asset which often represents all the remaining proceeds of a lifetime of labor. [*Ins Co of North America, supra* at 148-149. Emphasis added.]

Although there exists authority to the contrary,[1] I would follow the holdings in *Reid* and *Howard.* Not only are these decisions persuasive, they are consistent with the following general rule:

"A statement in an insurance policy that the building insured is a residence or dwelling house, or is used and occupied as such, is as a rule regarded as a matter of representation or description only, and even where from the stipulations of the contract the statement amounts to a warranty, such warranty is not generally regarded as a continuing one, but only a warranty of the situation at the time of the issuance of the insurance." [*Rush v Hartford Mutual Ins Co,* 652 F Supp 1432, 1435 (WD Va, 1987), quoting 44 Am Jur 2d, Insurance, § 1209, p 153.]

In the present case, there is no dispute that the homeowner's policy issued by Frankenmuth was in full force and effect at the time of this loss. There is also no dispute that plaintiff possessed an insurable interest in the property by virtue of his status as a land contract vendor. *Sriro v Dunn,* 265 Mich 112, 113; 251 NW 370 (1933). Consistent with the foregoing authorities, I would hold that the fact that plaintiff sold the home on a land contract does not operate to forfeit coverage for plaintiff's interest. Accordingly, I would reverse the judgment of the circuit court and remand for entry of judgment in favor of plaintiff.

[1] See *Nancarrow v Aetna Casualty & Surety Co,* 932 F2d 742 (CA 8, 1991); *Epps v Nicholson,* 187 Ga App 246; 370 SE2d 13 (1988).